THE GERMAN AMERICAN BANK, Appellant, *v.* THE MORRIS RUN COAL COMPANY, Respondent.

THE SAME, Appellant, *v.* THE SAME, Respondent.

A sheriff, who has taken property by virtue of a warrant of attachment issued under the Code, is not entitled to poundage in case of a subsequent settlement of plaintiff's claim before any sale of the property by the sheriff. (FOLGER and MILLER, JJ., dissenting.)

Section 243 of the Code, as amended in 1865, only allows poundage in case of a sale by virtue of the attachment before judgment; and then only in case a settlement has been had or a judgment recovered and collected in whole or in part, in which cases poundage is to be estimated on the amount collected, or " the amount at which settlement is made." (FOLGER and MILLER, JJ., dissenting.)

*German American Bank* v. *Morris Run Coal Company* (9 Hun, 205) reversed.

(Argued January 23, 1877; decided March 20, 1877.)

APPEALS from orders of the General Term of the Supreme Court in the first judicial department affirming orders of Spe-

cial Term fixing the fees and compensation of the sheriff of Erie county upon attachments issued to him in the actions above entitled. (Reported below, 9 Hun, 205.)

Said sheriff, by virtue of the attachments, levied upon a quantity of coal, which was taken from him by virtue of a writ of replevin issued in an action to recover possession, brought · by one Lynch, who claimed as assignee of defendants. Judgments were perfected in these actions, which were subsequently settled and paid by Lynch. The Special Term allowed to the sheriff poundage in each case, estimated upon the amount of the judgment.

*Frank Hiscock* for the appellant.

*George Wadsworth* for the respondent. The sheriff was entitled to poundage upon the sums collected on the judgments. (Code, § 243; *Pritchard* v. *Bk. Cal.*, 51 Barb., 184; *Muller* v. *Sauther*, 28 How., 187; 18 Abb., 450; *Bartlett* v. *Jessop*, id., 448; *Jellinghan* v. *Scheidt*, id., 452; *Tremor* v. *Fachin*, 20 How., 405; 12 Abb., 136; *In re Bunch*, 12 Wend., 280; *Bolton* v. *Lawrence*, 9 id., 435; *Parsons* v. *Bowdoin*, 17 id., 14; *Hildreth* v. *Ellice*, 1 Cai., 192.)

EARL, J. The question to be determined by us is whether a sheriff who has seized property by virtue of a warrant of attachment issued under the Code is entitled to poundage in case of the subsequent settlement of plaintiff's claim before any sale of the property by the sheriff.

Under the Revised Statutes, a sheriff who had seized property by virtue of an attachment was bound to keep it until trustees were appointed, when he was required to deliver it over to them, excepting perishable property which he could sell by order of the officer issuing the attachment. For his services he was entitled to fifty cents, with such additional compensation for his trouble and expense in taking possession of and preserving the property attached, as the officer should

certify to be reasonable; and when he sold the property attached he was entitled to the same poundage on the sum collected, as if the sale had been under an execution. (R. S., part 3, chap. 10, title 3, § 38.) For every service previous to a sale, or to the delivery of the property not sold to the trustees, there was provision for ample and full compensation. The only sale the sheriff could make was of perishable property before delivery to the trustees, and for his services in making such sale he was entitled to the poundage provided.

Thus the law remained until the Code was adopted. Under that, attachments are authorized to be issued, not in special proceedings as before, but in actions. The warrants must be directed to the sheriff, and require him to attach so much of the real and personal property of the defendant as may be sufficient to satisfy the plaintiff's demand, the amount of which must be stated in conformity with the complaint, together with costs and expenses. (Code, § 231.) The sheriff must seize the property and keep it. He can in no case, by virtue of the attachment, sell any thing but perishable property, and by virtue of it he can sell no property after judgment. The property which he then holds by virtue of the attachment must be sold under the execution issued to him on the judgment. (Code, §§ 233, 237.)

In 1849, provision was made in the Code for the compensation of sheriffs for executing warrants of attachments, in section 243, which was then first added, as follows: "The sheriff shall be entitled to the same fees and compensation for services and the same disbursements under this title as are allowed by law for like services and disbursements under the provisions of chapter 5, title 1 and part 2 of the Revised Statutes;" and this provision remained unaltered until 1865.

Under the system of procedure as to attachments then existing, the amount of property to be seized would depend upon the amount claimed in the complaint in the action and upon the judgment and discretion of the sheriff. A sheriff might be authorized to seize perishable property worth $10,000, and sell the same before judgment, and

yet the plaintiff might recover judgment for but $500. In such cases he would be entitled to poundage upon the whole $10,000 to be paid out of the property of the defendant, and he would be under constant temptation, for the purpose of increasing his poundage, to procure orders to sell as perishable as much property as he could. In 1865, for some purpose, perhaps that the results here indicated might be prevented, the legislature amended the Code by adding to section 243, as above given, the following: " Provided, however, that no poundage or other compensation shall be allowed to the said sheriff (except his fee of fifty cents for making the levy, and such compensation for his trouble and expense in taking possession of, and preserving the property, as shall be fixed by the officer issuing the attachment), unless a settlement shall be had, or a judgment shall be recovered and collected, in whole or in part, in the action in which the attachment in this title referred to shall have issued. And when a judgment shall have been recovered and collected in part only, the amount of his poundage shall not be estimated upon any sum greater than the sum collected upon such judgment. And when a settlement shall be had, the amount of his poundage shall not be estimated upon any sum greater than the amount at which said settlement is made."

On the part of the sheriff, the claim is made that this amendment gives him poundage in all cases where he has seized property under an attachment, whether he sells the property or not, when the plaintiff in the action receives any part of his demand on a settlement, or collects any part of it by virtue of an execution issued upon the judgment recovered in the action.

That this is not the proper construction of this amendment seems to me quite clear. The amendment does not purport to give the sheriff any compensation or to increase his compensation. His compensation was regulated by the section as it stood before the amendment, and was complete and ample for every service he could render. He was entitled to compensation for his trouble and expense in seizing and

preserving the property, and in fixing the amount of this compensation the officer issuing the attachment could take into account every responsibility assumed, every service rendered and every expense incurred; and if he sold the property he was to have poundage for that. Thus the whole case was completely covered by the law as it had for many years existed. It cannot be supposed that the legislature intended by this amendment to provide for the sheriff compensation for a service not performed after he had been completely compensated for every service rendered. Again, if the construction contended for by the sheriff shall prevail, then it will result that in all cases where he has attached lands or other property not perishable, and judgment shall be obtained and execution issued thereon (which is required to be issued to the same sheriff to whom the attachment was issued [*McKay* v. *Harrower*, 27 Barb., 463]), and by virtue thereof a sale is made, the sheriff would be entitled to poundage twice — once on the attachment and once on the execution — and that, too, after he had had full compensation for seizing and keeping the property under the attachment. It cannot be supposed that the legislature intended this.

What, then, was the intention of the amendment? Evidently to diminish and not to increase the fees, which the sheriff was before entitled to.

The law, that he could receive poundage only in case of a sale, remained in force. Such a sale could take place only before judgment, and the plaintiff might recover much less than the amount claimed in the complaint, and much less than the value of perishable property sold, and he might recover nothing. The apparent object of the legislature was to remove from the sheriff, to some extent, the temptation to sell perishable property, and to relieve such property in the case of a sale from some or all of the burdens of the poundage in the cases mentioned. It is true that the trustees, under the Revised Statutes, to whom the sheriff was required to deliver the property attached, could recover their commissions if the proceeding was discontinued and settled before they could

sell the property. This was because their commissions were the only compensation which they could receive for their trouble and services. (*In re Bunch*, 12 Wend., 280.) The sheriff holding the attachment under the Code does not take the place of the trustees under the Revised Statutes. He occupies the same position as the sheriff under the Revised Statutes. He does not occupy the position of the trustees until the execution has been issued to him upon the judgment. When a sheriff holds an execution which he has levied upon property, and the judgment is paid or settled, he is entitled to his poundage, although he has made no sale of the property. This is because his poundage is a full compensation for all his trouble and expenses in taking and keeping the property, and, if deprived of his poundage, he would receive nothing. (*Hildreth* v. *Ellice*, 1 Caines R., 192; *Bolton* v. *Lawrence*, 9 Wend., 435; *Parsons* v. *Bowdoin*, 17 id., 14; *Crofut* v. *Brandt*, 58 N. Y., 106.) The same reason for giving sheriffs poundage in the case of attachments, when there has been no sale, does not apply, as the law provides an ample and full compensation for every service and expense when there is no sale, and for that when there is one.

I have thus far taken no notice of the act chapter 415 of the Laws of 1871. It is not claimed by the sheriff that that act gives him the poundage claimed in this case, and hence its effect upon section 243 of the Code need not be considered.

Finally, if upon a fair and reasonable construction of the statutes it be doubtful whether the sheriff is entitled to the poundage when he has made no sale, then such a construction should be adopted as will do exact justice in every case, and not one which will give compensation for a service not rendered.

That the sheriff's costs may be readjusted upon principles above laid down, the orders of the General and Special Terms both must be reversed, with costs of one appeal only.

All concur for reversal; except FOLGER, J., who read for affirmance; and MILLER, J., who agreed with him.

Order reversed and proceedings remitted.