DETERMINED IN THE

# FIRST DEPARTMENT,

AT

# GENERAL TERM,

## May, 1882.

---

JONATHAN WOODRUFF, Appellant, *v.* THE IMPE-
RIAL FIRE INSURANCE COMPANY OF LONDON,
ENGLAND, Defendant.

BERNARD REILLY, late Sheriff, etc., Respondent.

*Sheriff — fees of, on settlement of an action in which an attachment has been issued —
Code of Civil Procedure, sec. 3307, sub. 2.*

Under subdivision 2 of section 3307 of the Code of Civil Procedure the sheriff,
upon the settlement of an action in which a levy has been made under an
attachment issued therein, is entitled to poundage upon the value of the prop-
erty attached not exceeding the sum at which the settlement is made, together
with his fees for serving the attachment and making a levy and return.

*German American Bank* v. *The Morris Run Coal Company* (68 N. Y., 585)
distinguished.

APPEAL from an order fixing the compensation of the sheriff on
an attachment.

The sheriff's charges were as follows:

| | |
|---|---:|
| Compensation or poundage | $123 13 |
| Levy and return fee | 2 69 |
| Serving six copies of attachment | 12 00 |
| Deputy's compensation | 25 00 |
| | $162 82 |

*A. E. Woodruff,* for the appellant.

*Vanderpoel, Green & Cuming,* for the respondent.

BRADY, P. J. :

Section 3307 of the Code of Civil Procedure, subdivision 2, provides as follows :

" If the action is settled either before or after judgment the sheriff is entitled to poundage upon the value of the property attached, not exceeding the sum at which the settlement is made."

The sheriff attached a bond sufficient in amount to pay the sum agreed upon in settlement of the claim asserted in the action, which settlement took place, and upon the amount of which the sheriff is entitled to poundage in the sum of $123.13, estimating it as at two and one-half per cent on the first $250 and at one and one-quarter per cent on the sum of ninety-three dollars and fifty cents. He is also entitled to six dollars for the service of six copies of the attachment, and to a levy and return fee of one dollar and eighteen cents.

Section 243 of the former Code did not in express terms give to the sheriff, where a settlement took place, his poundage; and the Court of Appeals, in the case of the *German American Bank* v. *The Morris Run Coal Company* (68 N. Y., 585), in construing that section held that it was not intended to give poundage in cases where a settlement took place before judgment, and where, consequently, there could be no sale of the property. Section 3307, as will be seen from the language which has been quoted, is broader than section 243, because it declares in express terms that the sheriff, if a settlement takes place before judgment, and therefore before any sale of the property under an execution could be made, is entitled to his poundage. In the one case the right arose by implication which was discarded by the Court of Appeals, and in the other it is affirmatively given. The section, as it now exists, distinguishes this case from all others relied upon in behalf of the appellant on this subject. It is our judgment, therefore, that the appellant is entitled to the items which have been mentioned, namely, his poundage, his fees for serving the attachments and his levy and return fee. All the other items are rejected.

This disposition of the appeal renders it unnecessary to consider

the question as to the right of any judge, other than the one who issued the attachment, to pass upon the compensation which is contemplated by section 3307 of the Code, independently of the poundage which is provided by law. The order appealed from should, therefore, be modified by reducing it to the sum of $136.31.

The order as modified must be affirmed, without costs to either party.

DANIELS, J., concurred.

Present — BRADY and DANIELS, JJ.

Order modified as directed in opinion, and affirmed as modified, without costs to either party.