JONATHAN WOODRUFF, Appellant, *v.* THE IMPERIAL FIRE IN-SURANCE COMPANY OF LONDON, ENGLAND. BERNARD REILLY, Late Sheriff, etc., Respondent.

Section 3331 of the Code of Civil Procedure providing that where an officer had commenced the performance of a service for which a fee was allowed by the statutes theretofore in force, he is entitled to the fee so allowed, not to the fee allowed by said Code, applies to the services of a sheriff on attachment.

Where, therefore, an attachment had been issued to a sheriff, and he had levied upon property by virtue thereof prior to the enactment of said Code, *held,* that the sheriff was entitled only to the compensation pro-vided for by the Code of Procedure (§ 243).

The requirement, however, of the Code of Procedure that such compensa-tion shall be fixed " by the officer issuing the attachment," was dispensed with as to the city of New York by the provisions of the Code of Civil Procedure (§ 26*), authorizing the continuance of proceedings com-menced in that city " before a judge out of court in an action * * * in a court of record " by another judge of the same court.

The affidavits upon application of a sheriff for compensation for services under an attachment averred that he levied upon and attached a U. S. bond, sufficient to satisfy plaintiff's claim, and that thereafter defendant paid and settled said claim. *Held,* that enough was shown to make out a *prima facie* case on the part of the sheriff, from which, in the absence of evidence to the contrary, the court might infer that he did take posses-sion and so was entitled to compensation for his trouble and expense under said provision of the Code of Procedure.

The amount of such compensation being within the discretion of the court below, its order is not reviewable here.

The plaintiff in the attachment suit objected to any allowance on the ground that he was not liable for the compensation of the sheriff, as the latter should have looked to the lien he had upon the property attached and required payment from the defendant before surrendering. (Code of Civil Procedure, §§ 3343, subd. 12, 709.) *Held,* that this question did not arise on

---

*See Code of Procedure, § 27.

appeal, as the order appealed from only fixed the amount the sheriff was entitled to, and did not determine who was liable therefor.

(Argued November 28, 1882; decided December 12, 1882.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made May 12, 1882, which modified and affirmed as modified an order of a judge of said court, adjusting and fixing the compensation of Bernard Reilly, as sheriff of the city and county of New York, for his services under an attachment. (Reported below, 27 Hun, 229.)

The affidavits upon which the application was made stated in substance that the attachment was issued to the sheriff February 10, 1877, and immediately thereupon he levied upon and attached property sufficient to satisfy plaintiff's claim, to wit, a $10,000 United States bond, and that thereafter defendant settled with the plaintiff and paid the amount of his claim.

*A. Edward Woodruff* for appellant. There could be no poundage allowed since there had been no sale. (*German Am. Bk.* v. *Morris Run Co.*, 68 N. Y. 585; Code, § 3307, subd. 2; *Ridlon* v. *Flanagan*, 12 Hun, 115; *Calhoun* v. *Lee*, 29 How. Pr. 1; *Crofut* v. *Brandt*, 58 N. Y. 106.) No case was presented for any allowance to the sheriff by way of "compensation for his trouble and expense in taking possession of and preserving the property," as provided in the Code. (*Ridlon* v. *Flanagan*, 12 Hun, 115; *Crofut* v. *Brandt*, 58 N. Y. 106; *German Am. Bk.* v. *Morris Run Co.*, 68 id. 590; *Dunning* v. *Marshall*, 37 id. 380; *McKeon* v. *Horsefall et al.*, 14 W'kly Dig. 162; *Calhoun* v. *Lee*, 29 How. Pr. 1.) No change was intended to be made by the new Code in the law in regard to sheriff's fees in a case like the present. (Throop's Code, notes to § 3307, subd. 2; Bliss' Code, § 3307.)

*Henry Thompson* for respondent. The appeal should be dismissed, the sum to be allowed to the sheriff being a matter of discretion. (74 N. Y. 58.) The sheriff, for his trouble, re-

sponsibility and risk, is entitled to a reasonable compensation, of which he cannot be deprived by payment of plaintiff's claim after final judgment is conceded. (Code of Proc., §§ 233, 237, 243; Code of Civil Proc., §§ 656, 708, 3307; *Rinchey* v. *Stryker*, 28 N. Y. 45; 9 Hun, 205; 74 N. Y. 58.) In the city and county of New York the compensation of the sheriff, under an attachment, may be fixed and certified by any justice of the same court who would have been competent to issue the original warrant. (Code of Proc., § 27; Code of Civil Proc., §§ 26, 52, 53, 279; *Dresser* v. *Van Pelt*, 15 How. 23; *Cobb* v. *Harmon*, 23 N. Y. 1, 48, 155.)

Rapallo, J. If the fees of the sheriff are to be regulated by subdivision 2 of section 3307 of the Code of Civil Procedure, as was held by the General Term, its order was clearly right, for the facts bring the case precisely within that subdivision. The poundage is to be estimated on the value of the property attached, not exceeding the amount of the settlement. This language shows that a sale of the property is no longer necessary to entitle the sheriff to poundage, as was held in the case of *The German Am. Bank* v. *The Morris Run Coal Co.* (68 N. Y. 585). But we incline to the opinion that the effect of section 3331 of the same Code is to entitle the sheriff only to the compensation provided by the former Code, for the sheriff had commenced the performance of the services for which he now seeks compensation, before the enactment of the Code of Civil Procedure. It is true that section 3331 speaks only of fees allowed by statutes, and, for the services now in question, no specific fee was allowed by law, but the compensation was to be fixed by the judge. (Code, § 243; 68 N. Y. 585.) But we think this compensation is within the spirit of the provision, and that the intention was that the compensation of officers for legal services should be regulated by the law in existence at the time the services were entered upon, and not by the subsequent enactments. Section 3331 expressly provides that in such cases the officer shall not be entitled to the fees allowed by the Code of Civil Procedure. The fee thereby al-

lowed in cases like the present is a fixed fee, being poundage on the value of the property attached, not exceeding the sum at which the settlement is made. It does not rest in the discretion of any judge, but is to be ascertained by computation. If the sheriff is not entitled to this fee, there is no law regulating his compensation, unless we hold section 243 of the former Code to be applicable.

The appellant contends that, assuming section 243 to govern, the order made at Special Term was erroneous, because it was not made by the judge who issued the warrant of attachment. We think that in the city of New York this requirement is dispensed with by section 26 of the new Code (old Code, § 27); that the application of the sheriff under section 243 of the old Code, to fix his compensation, is a continuation of the attachment proceeding, and that the attachment was, within the terms of section 26, " a proceeding commenced before a judge out of court in an action pending in a court of record," and consequently that in the city of New York it may be continued before any of the judges of the same court.

The remaining objection made by the appellant is, that the sheriff is not entitled to compensation under section 243 of the old Code, because that section authorizes an allowance to the sheriff only " for his trouble and expenses in taking possession of, and preserving the property; " that consequently he can have no allowance unless he has taken possession of the property, and that in this case it does not appear that he did so take possession.

Upon this point the facts do not clearly appear, but we think enough was shown to make out a *prima facie* case on the part of the sheriff, from which, in the absence of evidence to the contrary, the court might infer as matter of fact that the sheriff did take possession. The affidavit of the deputy states that he levied upon and attached a United States bond of the value and amount of $10,000. The affidavit of the agent of the defendant states that under the attachment the sheriff levied upon property of the defendant sufficient to satisfy the plaintiff's claim, and that thereafter the defendant

paid and settled the plaintiff's claim. The bond was capable of being delivered to the sheriff, or reduced by him to possession, and, in the absence of evidence to the contrary, the presumption is that he performed his duty by taking possession of it.

We think, therefore, that the judge sitting at Special Term had power to make the order, and that the amount fixed by him was within his discretion, and reviewable only at the General Term; and that the General Term having affirmed his order with a modification reducing the sum allowed, their order was right, even if the reason given therefor is not sustained.

The appellant makes the further point that he, being the plaintiff in the attachment, is not liable for the compensation of the sheriff; that as it could be allowed only on the assumption that the attached property had been taken by the sheriff into his possession, he must look to the lien which he had thereon, under sections 3343 and 709 of the Code of Civil Procedure, and that those sections indicate that the compensation is payable by the defendant in the attachment. Section 3343, subd. 12, provides that the warrant of attachment shall be deemed annulled when a judgment in favor of the plaintiff is fully paid, and section 709 provides that in such case the sheriff shall deliver property held under the attachment, to the defendant or person entitled, on payment of all the costs, charges and expenses legally chargeable by the sheriff.

There is force in the argument that the sheriff, claiming this compensation for his trouble, etc., in taking possession, cannot afterward be permitted to deny that he held the property in his possession, and that he should have required payment of his fees by the defendant before surrendering such possession, and that he could not surrender it without payment, and thus subject the plaintiff to liability. These questions do not, however, arise on this appeal. The order does not determine who is liable for these fees; it merely fixes the amount which the sheriff can recover against whoever may turn out to be liable. If the plaintiff should be pursued for payment, there is noth-

ing in the order which precludes him from setting up this defense.

The order should be affirmed, with costs.

All concur, except TRACY, J., absent.

Order affirmed.