## SUPREME COURT.

THE PEOPLE on the relation of EDWARD NEWCOMB, &c., agt. JOHN A. McCALL, superintendent of insurance.

*Receivers of life insurance companies — Fees of, how regulated.*

Chapter 398 of the Laws of 1883, does not affect the fees of a receiver appointed previous to its passage, under chapter 902 of the Laws of 1869.

When the services of an officer has been completed, and the work done on the faith of fees prescribed by a statute in force at the time of his appointment, a law which changes the amount to be paid for similar services should not be held applicable to it, unless expressly and plainly so declared.

*Albany Special Term, June,* 1883.

APPLICATION for a *mandamus* against the superintendent of insurance to compel him to fix the fees of the relator as the receiver of the Atlantic Mutual Life Insurance Company.

*Charles J. Buchanan,* for receiver and motion.

*C. A. Dennison,* deputy attorney-general, opposed.

WESTBROOK, *J.* — On the 21st day of July, 1877, the relator, Edward Newcomb, was duly appointed receiver of " The

Atlantic Mutual Life Insurance Company," a corporation then located in the city of Albany. The appointment was made under and in pursuance of chapter 902 of the Laws of 1869, entitled "An act to amend an act entitled 'An act to authorize life insurance companies to make special deposits of securities in the insurance department, and to authorize the superintendent of said department to require special reports of such companies,' passed April twenty-fourth, eighteen hundred and sixty-seven, and also to provide for the appointment of receivers of such depositing companies in certain cases."

By the thirteenth section of such act it is provided: " The compensation of the receiver under this act shall be fixed by the superintendent and shall not exceed the sum of five per cent of the amount of the assets of such company as shall come into his possession."

On the 11th day of April, 1883, the legislature passed an act entitled "An act in relation to receivers of corporations" (*Chap.* 398 *of Laws of* 1883). The first section of that act provides: " Every application *hereafter* made for the appointment of a receiver of a corporation shall be made at a special term of the court, to be held in and for the judicial district in which the principal business of the corporation was located at the commencement of the action, wherein *such* receiver is appointed, or in and for a county adjoining such district; and any order appointing a receiver otherwise made shall be void."

The second section is as follows: " Every receiver shall be allowed to receive as compensation for his services as such receiver five per cent for the first one hundred thousand dollars actually received and paid out, and two and one-half per cent on all moneys received and paid out in excess of the said one hundred thousand dollars."

The third section enacts: "All orders appointing receivers of corporations shall designate therein one or more places of deposit wherein all funds of the corporation not needed for immediate disbursement shall be deposited; and no deposits or investments of such trust funds shall be made elsewhere,

except upon the order of the court upon due notice given to the attorney-general."

The present application is for a peremptory *mandamus* in behalf of the relator, Edward Newcomb, against the superintendent of insurance, requiring the superintendent to fix the fees of the relator, as receiver, as hereinbefore mentioned, under the act of 1869, and presents two questions: 1st. Has the second section of the act of 1883 repealed, or in anywise affected, the thirteenth of that of 1869, as against Newcomb; and, 2d. If it has in any respect affected the older statute, is the *maximum* of compensation allowed by such older statute repealed. The application is founded upon the following further and other facts:

The trust of the relator was substantially closed when the act of 1883 became a law. On the 19th day of May, 1883, on notice to all parties, the superintendent of insurance was asked to fix the fees of the receiver under chapter 902 of the Laws of 1869, under which act the appointment had been made, and the duties of the receivership discharged. The superintendent decided that the act of 1883 fixed the fees of the receiver, and refused action under that of 1869. The receiver claims that the law of 1883 does not apply to him and asks that the court award a peremptory *mandamus* compelling the superintendent of insurance to adjust and fix the compensation under that of 1869. No other question has been discussed or presented, except these hereinbefore stated, and therefore attention will be at once directed to those and those only.

*First.* Has the act of 1883 any application, so far as it regulates the fees of receivers, to the relator? The point of the inquiry is not whether some of its provisions do not reach receivers previously appointed, but whether the particular section relating to fees does. The question is to be determined, bearing in mind a general principle of law thus stated in *Broom's Legal Maxims* (*page* 35): "Laws should be construed as prospective, not as retrospective, unless they are

especially made applicable to past transactions, and to such as are still pending." This maxim has been repeatedly applied and never questioned. In *People* agt. *Supervisors of Columbia County* (43 *N. Y.*, 130; *see page* 134), judge ALLEN, after quoting the same principle from *Bacon's Abridgment*, and referring to Broom's work, says: "The rule has been expressed in different terms by different judges and authors, but it has lost none of its force since it was first enunciated." Applying it to the case before us there is no difficulty, for the provision of the act of 1883 in relation to the fees of a receiver is not " *expressly* made applicable to past transactions, and to such as are still pending," and therefore the result stated in the maxim, that it must " be construed as prospective and not retrospective," follows. Not only is the section referred to (*sec.* 2) not made applicable to receivers already appointed, but it immediately follows one which relates only to receivers thereafter appointed ; and it is immediately followed by another which also concerns subsequent receivership and no other. Placed then, as section 2 relating to fees of receivers is, between two other sections (*secs.* 1 *and* 3) which relate solely to receiverships thereafter appointed, another maxim of the law, " *noscitur a sociis* " (*Broom's Legal Maxims*, 588), applies.

It is said, however, that the words used, " every receiver," with which the section begins, cover and include the relator. This result would follow were it not for the two rules of law, to which reference has been made. The past appointments are not covered by such an expression unless it is by express words made applicable to them, and the surroundings of the words, applying the maxim of " *noscitur a sociis*," show that the " every receiver " there spoken of is to be one of a number thereafter to be appointed. This is no strained interpretation as two of many cases which might be cited show.

In *Johnson* agt. *Burrell* (2 *Hill*, 238) the question was whether the words " *every* judgment " used in a statute (2 *R.*

*S.* [*2d. ed.*], 177, *sec.* 129), giving the remedy by *scire facias* for the revival of judgments, applied to one recovered before the passage of such statute. The court held it did not and said (*per* COWEN, *J.*): " It is a general rule that a statute affecting rights and liabilities should not be so construed as to act upon those already existing. To give it that effect the statute should in terms declare an intention so to act."

The *Matter of the Bank of Niagara* (6 *Paige*, 213 ; *see pages* 217, 218) decides the very point under consideration. The question was as to the fees of the receivers of an insolvent corporation who had been appointed previous to the provisions of the Revised Statutes (2 *R. S.*, 492, *sec.* 76), which limited the fees of receivers upon the voluntary dissolution of corporations to "the sum allowed by law to executors or administrators," and which provision as to fees (2 *R. S.*, 464) was also made applicable to receivers of insolvent corporations. The chancellor held that the " statutory provisions are not retrospective in their operation," and that " as the usual allowances to receivers at the time of the appointment of the receivers of this institution was five per cent on the whole amount of their receipts and disbursements, that is, two and a-half per cent for receiving and the like sum for paying over, it is proper that they should receive that compensation for their services."

The manifest justice of compensating official services at the rate prescribed by law for such services at the time they were commenced caused the enactment of section 3331 of the Code of Civil Procedure, which prevents the various provisions therein contained as to the costs and fees of officers from affecting one who had been previously appointed and had entered upon the discharge of his duties with a statute in force prescribing a different rate of compensation. The section referred to declares that the fees provided by it for officers, receivers included (*sec.* 3320), shall not apply to an officer previously appointed and who had " commenced the performance of a service," but that such officer, when " a fee

is allowed by the statute heretofore in force, and is entitled to the fee so allowed for the completion of that service" (*Woodruff* agt. *Imperial Fire Insurance Co.*, 90 *N. Y.*, 521). This section, as it only concerns the fees and compensation established by the Code, is not so directly applicable to the present case as to control it by force of the provisions, yet it is worthy of attention because it contains a distinct recognition of the principle which this opinion adopts, that the rate of compensation established by law for official services, when their discharge is undertaken, should control the final allowance, and that therefore subsequent legislation should not affect it unless directly and plainly made applicable. While, herhaps, it is not accurate to say that services performed at a rate of compensation prescribed by law must necessarily, per force of a contract, be paid at the rate established at the time of appointment, it can, nevertheless, be truly said that when the service has been completed and the work done on the faith of fees prescribed by a statute then in force, that a law which changes the amount to be paid for similar services should not be held applicable to it, unless expressly and plainly so declared. The case before us is one of that character. Mr. Newcomb has executed the responsible trust confided to his care with a fidelity and wisdom which are exceptional (*See report of Esek Cowen upon that subject*). After his trust is substantially ended and the compensation earned it is sought to fix his fees, by a law subsequently passed, at a rate below what he supposes an intelligent and faithful public officer would deem to be fair and reasonable, as required by the act of 1869. The work was done in the expectation and belief at least that the superintendent of insurance would fix the compensation. What sum that officer will award is not known. It is known, however, that he is a just and capable official and has special knowledge upon the subject, and that therefore, if the matter of compensation be confided to him, it is certain that the discretion will not be abused. The act of 1883 does not supersede, as to Mr. Newcomb, the provisions of the act

of 1869 under which he was appointed. The former act (1883) has no retrospective operation for the reasons which have been given and the matter must be remanded to the superintendent of insurance with directions to fix the fees in accordance with the latter (1869).

There is another argument worthy of consideration tending to sustain the conclusion already reached. The act of 1869, under which Mr. Newcomb was appointed, related to a special kind or class of life insurance companies known as " registered companies," and as the title of the act shows (and also its provisions) was designed "to provide for the appointment of receivers of *such* depositing companies in *certain* cases." As that statute applies only to particular corporations of a certain general kind, and to the receiverships thereof, it is very questionable whether one applying " to receivers of corporations " generally affects it (*Matter of Wacher,* 62 *How.,* 352, *affirmed at general term ; Matter of Del. and Hud. Canal Co.,* 69 *N. Y.,* 209). It is, however, unnecessary to flatly decide this proposition, but the line of argument suggested is worthy of careful thought and study, for it is a general rule of law, perfectly settled, that special legislation upon or in regard to particular subjects or persons is not affected by subsequent legislation touching the general class of subjects or persons to which the former belong, unless its express words and not merely general language cover them.

The conclusion already reached that the provisions of the law of 1883 are not applicable to the relator makes unnecessary the consideration of the second point made upon the argument of this motion and hereinbefore stated. As, however, the effect of legislation should be thoroughly understood it is proper to suggest some thoughts applicable thereto. The following question is thus naturally suggested: If the act of 1883, in its provision for receivers' fees, is applicable to the relator, does it do anything more than establish the *minimum* of the allowances ?

In answering this question two things should be remem-

The People agt. McCall.

bered: 1st. That repeals by implication are not favored in the law; and that (*using the words of* ALLEN, *J., In Matter of Comrs. of Cent. Park,* 50 *N. Y.*, 497) " to work a repeal by implication the intent of the legislature must be very apparent or the two laws must be so incongruous and repugnant that effect cannot be given to both;" and, 2d. That the act of 1883 only repeals such " acts or parts of acts" as are " inconsistent " therewith. If, then, it is held that section 2 of the law of 1883 affects the fees of the relator to successfully defend this application, it must also be shown that the duty imposed by that of 1869 upon the superintendent of insurance to fix such fees at a sum not greater than five per cent upon the assets which shall come into his hands has been abrogated. Has that been done? The act of 1883 does not in terms limit the allowance of the receiver to the sums therein prescribed. How, then, can it be said that the two statutes are " so incongruous and repugnant that effect cannot be given to both," when the older prescribes a *maximum* of allowance and the latter does not, but simply provides that a receiver " shall be allowed to receive as compensation for his services" a sum less than the *maximum* made lawful by the former? Does not every sound rule of construction require that effect should be given to both statutes by holding that the act of 1869 fixes the *maximum* of compensation and that of 1883 the *minimum*, leaving the discretion of the superintendent between these two points unaffected and undisturbed? It was urged upon the argument that no such result was intended by the legislature. This is possibly so, but upon such a subject courts cannot guess. They have for their guidance certain well known rules of law, in reference to which all statutes are supposed to be passed. If an office is created by statute and fees are given, as a rule the compensation therein specified cannot be exceeded. But when an office has long existed, and a discretion within a prescribed *maximum* is confided to a court or an officer to fix the fees of its incumbent, it is very doubtful whether a subsequent statute which declares he shall

receive a sum less than the *maximum* given by the old law can, without an express limitation of the allowance to the sum therein prescribed, take away the discretion given by the former act. The reason is contained in the language of judge ALLEN before quoted, and it is, that the two acts are not " so incongruous and repugnant that effect cannot be given to both."

It is, however, useless to pursue this discussion or to formally decide what effect should be given to the act of 1883 in a case to which its provisions in regard to receivers' fees may apply. It has already been held that it has no application to the case now under consideration. It is, nevertheless, proper to point out questions which are sure to arise under it as it now reads, and also to state that in cases of large trusts, and there are now several of that kind in the hands of receivers, receivers will probably receive under it, if it should be eventually held applicable to prior appointments, a very much larger compensation than they would if the discretion confided to the superintendent of insurance by the law of 1869 had been undisturbed, even though the compensation is limited to the sum which such act (that of 1883) establishes.

In conclusion it is necessary to state only that the application for the *mandamus* is granted, but without costs.