PETER BOWE, RESPONDENT, v. THE UNITED STATES REFLECTOR COMPANY AND WILLIAM P. CORBET, APPELLANTS, IMPLEADED, ETC.

*Vacating an attachment — when the defendant cannot be compelled to pay the sheriff's costs and expenses — Code of Civil Procedure, sec. 709 — its provisions directing the payment of sheriff's costs, etc., is unconstitutional.*

Under an attachment issued in an action brought by one Hall against the defendants, the sheriff seized certain articles of personal property belonging to them, and held the same until an order was made setting aside and vacating the attachment, because of the failure of the plaintiff in that action to increase the security given by him therein. The sheriff, claiming to be entitled under section 709 of the Code of Civil Procedure to retain the property until all his legal costs, charges and expenses had been paid, refused to deliver the same to the defendants, and brought this action to have a lien thereon to that extent adjudged to exist in his favor, and to have the property sold to satisfy the same.

*Held,* that in so far as the said section of the Code attempts to compel a defendant to pay the costs, charges and expenses incurred by the sheriff in levying upon his property under an attachment issued in an action brought by a third person in a case in which such attachment has been subsequently vacated and set aside, it is unconstitutional and void, as depriving the defendant of his property without due process of law.

At the time the property was taken it was agreed between the sheriff and the defendant that it should remain in the store in which it then was, and that the sheriff should pay the rent for the store, and that the amount so paid should be treated as expenses incurred by him in enforcing the attachment.

*Held,* that to the extent of the rent so paid the sheriff was entitled to a lien upon the property.

APPEAL from an interlocutory judgment overruling a demurrer interposed to the plaintiffs' complaint.

*Edward P. Wilder,* for the appellants.

*Malcom Graham,* for the respondent.

DANIELS, J.:

The object of this action is to obtain a judgment declaring the plaintiff, as late sheriff, to have a lien upon certain personal property for his fees, disbursements and expenses, and for the sale of the property to satisfy the same. The property consists of a stock of manufactured articles and other things seized by the sheriff under an attachment issued in favor of Bolton Hall and others against The United States Reflector Company.

After the seizure of the property it remained in the possession of the sheriff until on or about the 5th of May, 1883, when it was ordered in the action that the warrant of attachment be vacated, annulled and set aside, unless the plaintiffs should increase the security given by them upon the attachment. They failed to do that, and "on the 5th of June, 1883, it was ordered that said attachment be vacated, annulled and set aside." A copy of this order was served upon the plaintiffs with notice of its entry, and it has remained in force in the action ever since that time. The fees, expenses and disbursements of the sheriff under the attachment were adjusted, and upon the sum allowed the plaintiffs paid the sheriff $3,740.50, leaving a balance still unpaid to the sheriff of $5,429.78. The attached property has remained in the possession of the plaintiff, notwithstanding a demand made for its delivery on behalf of the defendants in the action, and it is for the collection and satisfaction of this balance that the plaintiff is now proceeding by this action to enforce it as a lien in his favor against the attached property, and for which it is claimed that a sale of the property shall be made.

This right on the part of the sheriff is asserted to have been created by section 709 of the Code of Civil Procedure, and it has been directed by it that where a warrant of attachment is vacated or annulled, or an attachment is discharged upon the application of the defendant, the sheriff must, except in a case where it is otherwise specially prescribed by law, deliver over to the defendant, or to the person entitled thereto, upon reasonable demand, and upon payment of all costs, charges and expenses legally chargeable by the sheriff, all the attached personal property remaining in his hands, or that portion thereof as to which the attachment is discharged, or the proceeds thereof, if it has been sold by him. The right of the sheriff to hold the property after the discharge of the attachment has been denied by the defendants, who claim that the legislature had no authority to subject it to the obligation of paying the sheriff's costs, charges and expenses after the attachment had been discharged.

The attachment was not issued at the instance, or under the authority, of either of the defendants, but solely at the instance and upon the application of the plaintiffs in the other action. It was as

to the defendants an adverse proceeding, whose object was to seize the property of the party against whom the attachment was issued and hold it as a security for the plaintiffs' demand in the action. By such a proceeding the owner of the attached property entered into no obligation or duty to pay its costs, charges or expenses. But, so far as a liability for their payment would arise out of the facts, it must be exclusively that of the persons in whose favor and at whose instance the attachment was issued and the property was seized. Its seizure arose out of no fault of the defendants, as has been demonstrated by the fact that the attachment has been voluntarily abandoned and also set aside by an order of the court. But without its consent its property was taken under it and placed in the possession of the sheriff, where since its seizure it has remained. To permit the sheriff to hold it now, after the attachment has been set aside, until his costs, charges and expenses have been paid, and sell it for their payment, would be to allow him to hold and dispose of the property of one party to pay the debt exclusively of another. For no further proceedings can be instituted or maintained in this action, which will convert his demand into a legal liability of the defendant proceeded against.

It must still remain and continue to be a demand owing by other parties, and the point therefore arises to be determined whether the legislature has the authority to provide that the property so seized, after the discharge of the attachment can be applied or appropriated by the sheriff to the payment and satisfaction of such a demand. To apply and appropriate it in that manner is to take the property of one party against his or its consent and apply it to the payment or discharge of the obligations of another, and that has not been considered to be within the authority of the legislature.

Upon this subject care has been taken to preserve and protect the rights of the owners of property against interference of this description, even though that may have been provided for by an act of the legislature. To prevent such interference it has been declared that " no member of this State shall be disfranchised or deprived of any of the rights or privileges secured to the citizens thereof, unless by the law of the land or the judgment of his peers." " Nor be deprived of life, liberty or property without due process of law." (Const., art. 1, §§ 1, 6.)

And these provisions have been so construed as to maintain the rights of property against mere legislative interference, and as requiring a legal proceeding following other ordinary forms of law and resulting in a judgment upon some obligation or contract or liability incurred by the party proceeded against, before he can be divested of his property, and it can be applied to the uses of another party. They protect the owner against the taking of his property by color of legislative authority, to bestow it upon or give or devote it to the uses of another person. This was generally considered in *New York and Oswego Railroad Company* v. *Van Horn* (57 N. Y., 473). And it was held by the court that the legislature never can take the property of one individual without his consent and give it to another. And this salutary general principle has also been maintained in *Embury* v. *Conner* (3 Comst., 511–517) ; *Taylor* v. *Porter* (4 Hill, 141); *Weismer* v. *Douglas* (64 N. Y., 91, 105). That is precisely, where an attachment has been set aside, vacated or annulled, either by the abandonment of the party in whose favor it is issued, or by an order of the court, what this section of the Code has provided may be done with the property of the defendant when it has been seized under an attachment. This direction, in its practical effect, is to take the property of the defendant after the lien of the attachment has in this manner been removed, and apply it to the payment of the debt created by issuing and serving it, and afterwards detaining the defendant's property under its authority ; and no more flagrant violation of the rights of an owner of property can well be imagined. If it should be sustained, there will be nothing to prevent a frequent repetition of what seems to have taken place in this instance — that the defendant's stock in trade shall be taken into the possession of the sheriff, his business interrupted and for the time destroyed ; and when the attachment can be no longer maintained, to leave him, as the only alternative for resuming the possession of his property, the payment of the costs, fees and expenses of the proceedings by which he may have been despoiled. And it was in part to protect parties against disasters of this description that these constitutional provisions were adopted, and to prevent them from being produced, by the mere fiat of a legislative direction. It will be no answer to the protection which these provisions of the Constitution were

designed to afford, that the person whose property may be taken from him, and held by the sheriff until he shall pay his costs, charges and expense, may reimburse himself for the amounts paid by a suit upon the undertaking. For that will ordinarily afford him no equivalent for the loss and destruction of his business after it has been brought about in this manner.

A suit upon an undertaking where the defendant's stock in trade may have been taken from his possession, and his business interrupted and suspended, would afford him no redress for the most serious injury he will appear to have sustained. For the loss to which he will be subjected by the interruption of his business must usually be incapable of being proved in such a manner as to render it the subject of compensation in an action. But if that could be proven, the perplexity, delay and suspense to which the defendant would necessarily be subjected in the prosecution of an action, would, to a great extent, deprive him of anything like adequate redress for the injury inflicted upon his affairs. Then, before an action even upon the undertaking could be maintained, the costs, charges and expenses of the sheriff would require to be paid, and it is not every person whose property may be seized, and whose business may be thereby interrupted, who would have the ability to raise the money required to make such payments. That may very well be the position of the defendant against which the attachment issued in this case. For before possession of its property can be assumed, it has been required, under the authority of this section of the Code, to raise and pay to the sheriff this large sum of $5,429.78. An action, the right to maintain which can only be secured in this manner, must evidently fall far short of adequate means of redress to the party whose property may be seized and held in the manner in which this stock was taken and held by the sheriff. It would not justify legislation of the description of that contained in this section of the Code. For it would permit the taking of the property of another and applying it to the discharge of the obligation of the party taking it, without affording any adequate means of redress for the wrong so committed.

The case of *Woodruff* v. *Imperial Fire Insurance Company* (90 N. Y., 521) in no manner tends to maintain the authority of this legislation. For there the defendant settled with the plaintiff, pay-

ing the amount of his claim and thereby conceded the regularity of the attachment, which might very well primarily subject him to the payment of the sheriff's costs, charges and expenses, while in this case there was no such concession in any form whatever; but the regularity of this seizure was practically superseded by the order made vacating the attachment. The case of *Hall* v. *United States Reflector Company* (66 How., 31), does not consider the power of the legislature to devote the property of the defendant in an attachment, after it has been annulled or vacated, to the payment of the fees and expenses, not in any manner created or incurred by its owner, but it in effect declined to consider the rights of the sheriff, as it there appeared that they were being made the subject of determination in other legal proceedings, and no authority has been found lending its sanction to the theory that the legislature may subject the property of a defendant to the payment of the sheriff's fees and expenses, after his entire power over it has been ended by vacating or setting aside the attachment. The principle is entirely different from that which has been held to sustain the right of a receiver to compensation from the property itself or its owner, after it has been committed to the care and protection of such an officer in the course of legal proceedings.

That was the case of *Hopfensack* v. *Hopfensack* (61 How., 498). There the property was held and preserved for the benefit of all the parties to the controversy, and for that reason it was decided that the receiver could not be divested of his possession without the payment of his fees, while here the property was not taken or held in any sense for the benefit of the defendant in the attachment, but that was exclusively for the advantage and benefit in that action of the plaintiffs. So far, therefore, as the claim of the sheriff against the property consisted of costs, fees and expenses, unauthorized or sanctioned by the defendant in the attachment, he had no lien upon or right of possession off the property which had been taken under the attachment. And to that extent no legal authority exists in support of his action, brought to sell the property for the satisfaction of his costs, charges and expenses.

At the time when the property was taken it was in the store known as No. 4 Great Jones street, and both the plaintiffs and the president of the defendant, in the attachment, entered into a

stipulation by which they agreed that the sheriff should pay the rent then owing for the premises, and such rents as should afterwards fall due, until the property should be finally disposed of, and that the rent should be treated and regarded as expenses of the sheriff in this action, under the process held by him. This stipulation and another of the like effect, afterwards made, seem to have been entered into upon the understanding that the sheriff could hold the property for his fees and expenses under the attachment, and to induce him to pay the rent and protect himself in this manner, because of this understanding. He appears to have paid for the rent of these premises after these stipulations were made, and before his right to do so under their authority was in any manner withdrawn or denied, the sum of $3,605. And for so much of that as was not discharged by the payments which the plaintiffs made to the sheriff on account of his fees and expenses, he had the right to hold this property, for it is fair to assume that he would not have paid this rent if these stipulations had not been entered into. He was induced by them to make the payments, and that was done by the concurrence and authority of the defendant in the attachment, as well as that of the plaintiffs. And after having induced him to make such payments, with the expectation and implied assurance that the amounts paid should be secured by the property attached, the defendants are not at liberty to deny the right of the sheriff to this remedy. So far as he holds the property for the rent paid, this action may well be maintained. To that extent the sheriff has a right of action for the sale of this property, to reimburse him for the amount still owing to him. which was paid out upon the faith of these stipulations. But beyond that he has no right to proceed against this property for the satisfaction of his costs, charges and expenses. As, however, something still remains due to him on account of the rent paid, the action to that extent must be maintained, and that will require the judgment from which the appeal has been taken to be affirmed, but with liberty to the defendants to withdraw their demurrers and to answer on payment of costs

DAVIS, P. J., and BRADY, J., concurred.

Judgment affirmed, with liberty to defendant to withdraw demurrers and answer on payment of costs.