Judgment reversed and new trial ordered, costs to abide the event.

---

THE SARATOGA COUNTY BANK, ALEXANDER STEWART and CHARLES A. STEWART, Appellants, v. JOSEPH M. KING and DANIEL BROMLEY KING, Respondents.

A contract is wholly void if covenants in restraint of trade, which are illegal as against public policy, enter into and form a part of the entire consideration, and both parties are in fault as to those covenants.

A separation of the good consideration from that which is illegal will be attempted in those cases only where the party seeking to enforce the contract is not the wrong doer, or the denial of relief would benefit the guilty party at the expense of the innocent.

It is an inflexible rule that no remedy can be had in a court of justice on an illegal contract, where both parties are in pari delicto.

An assignee of one of the parties is in no better position than the party himself, when the illegal consideration appears upon the face of the contract.

(Argued September 24, 1870; decided December 28, 1870.)

APPEAL from the Supreme Court, at General Term, third district.

The judgment below was entered upon the report of Hon. PLATT POTTER, referee, in favor of the defendants, dismissing the complaint with costs. The General Term, upon appeal, affirmed the judgment.

The action was brought by the plaintiffs, as assignees of a written instrument, signed by the defendants, of which the following is a copy, viz.:

"$2,000. On or before the first day of September, 1860, for value received, we promise to pay to the order of William Platt and James Holroyd, two thousand dollars, with interest annually, provided said William Platt and James Holroyd, or either of them, do not, for the time which this note is to run, manufacture or sell, or become directly or indirectly interested in the manufacture or sale, or encourage, or countenance others in the manufacture or sale of stocks and dies, except so far as permitted by the bill of sale, executed to us by said William Platt and James Holroyd, and bearing even date with this note.

"WATERFORD, N. Y., *July 11th,* 1855.

"J. M. KING & CO."

The bill of sale referred to assigned the tools, machinery, and all goods in the stock and die business carried on by Platt & Holroyd at Watertown, of which schedules were annexed; and also assigned the good will of the business. Platt & Holroyd also covenanted with the defendants not to manufacture, sell, or become interested, directly or indirectly, in the manufacture or sale of stocks and dies for the term of thirty years, except to dispose of the stocks and dies on hand. The consideration was $11,100, divided into nine several sums; for each sum except the last, a promissory note, payable unconditionally at a certain day, with interest, was given by the defendants. The obligation in suit was given for the last payment, and the proviso therein was also incorporated into the terms of the bill of sale.

The schedules set forth the articles transferred, with the price of each article; the whole amounting to $11,100, the precise consideration named in the bill of sale.

Mr. Platt assigned his interest in the obligation in suit to the Saratoga County Bank, and Mr. Holroyd assigned his interest to the Stewarts, who, with the bank, are the plaintiffs.

The complaint alleged the sale of the stock and die business, and set forth the bill of sale, including the covenants therein and copies of the schedules of the property sold, the delivery of the property, and the making and delivery by the defendants of the nine several obligations amounting to $11,100, and that the property sold was of the value of the sum named. The complaint also set out a copy of the obligation in suit, and alleged the transfer thereof by Platt & Holroyd to the plaintiffs, and the non-payment of the sum of $2,000, with interest, for which the plaintiffs demanded judgment.

The defendants, by their answer, alleged, among other things, that the property sold was not worth over $6,000 at the time of the purchase; that they were induced to purchase in order to obtain the good will of the business for a term of years, and to induce Platt & Holroyd not to continue or engage in it, and if they did, that the purchase price should be reduced. The answer also alleged that Platt & Holroyd had manufactured and sold stocks and dies, or become interested in the manufacture, and had encouraged or countenanced William Holroyd and others in the manufacture and sale of stocks and dies, contrary to the provisions mentioned in the bill of sale and the note mentioned in the complaint; and the defendants claimed that the conditions of the note had been violated, and that they were thereby discharged from its payment.

Evidence as to the value of the property sold was offered at the trial, both by the plaintiffs and defendants, but excluded by the referee, first, on the objection of the plaintiffs, and afterward, on the objection of the defendants, on the ground of its want of materiality. The plaintiffs excepted to the exclusion of this evidence.

The referee found the facts substantially as alleged in the complaint, and also, that during the years 1858 and 1859,

James Holroyd did, both directly, and indirectly, aid, countenance and encourage his son, William Holroyd, in the manufacture, at Waterford, N. Y., and in sales at Waterford and New York, of stocks and dies, contrary to the terms and conditions of the contract and obligation. He also found, as conclusions of law, that the obligation sued upon is void as against public policy; that the conditions of the contract and obligation have been broken; and that the complaint be dismissed with cost. The plaintiffs duly excepted to the findings and conclusions of the referee.

*William A. Beach,* for the appellants, insisted that, although the contract was void as to the conditions in restraint of trade, yet the plaintiffs were entitled to relief to the extent of the good consideration, citing *Curtiss* v. *Leavitt* (15 N. Y., 96); *Leavitt* v. *Palmer* (3 N. Y., 19, 37); *Mackie* v. *Cairns* (5 Cow., 547, 564); *Mount* v. *Waite* (7 John., 434, 446); *Jarvis* v. *Peck* (1 Hoff. Ch. R., 479); Affd., 10 Paige, 118; *Pepper* v. *Haight* (20 Barb., 429, 438); *Tracy* v. *Talmadge* (14 N. Y., 181); *Craig* v. *Wells* (11 N. Y., 315); Co. Litt., 206a, 218a; *Thomas* v. *Howett* (1 Salk., 170); *McAllen* v. *Churchill* (11 Moore, 483); S. C., 22, E. C. L., 418; *Mallen* v. *Day* (2 Mees. & Wels., 274); *Wallace* v. *May* (11 Mees. & Wels., 653); *Green* v. *Price* (13 id., 695); S. C., 16; id., 346; *Cheesman* v. *Nainby* (2 Rayns., 1456).

*Amasa J. Parker,* for the respondent, that the contract was wholly void, cited 1 Pars. on Cont., 380; Smith on Cont., 122; Chitt. on Cont., 56; *Burton* v. *Port Jackson Co.* (17 Barb., 397); *Burt* v. *Place* (6 Cow., 431); *Rose* v. *Truax* (21 Barb., 361); *Noble* v. *Bates* (7 Cow., 307); *Crawford* v. *Monell* (8 John., 253); *Hyslop* v. *Clark* (14 John., 458); *Austin* v. *Bell* (20 John., 442); *Van Alstyne* v. *Wimple* (5 Cow., 162); *Thayer* v. *Roch* (13 Wend., 53); *Murray* v. *Riggs* (15 John., 571); *Mackie* v. *Cairns* (5 Cow., 547, 580); *DeBerrski* v. *Paige* (36 N. Y., 537; *Nellis* v. *Clark* (4 Hill., 424); *Mosely* v. *Mosely* (15 N. Y., 334); *Gray* v.

*Hook* (4 N. Y., 449); *Westfall* v. *Jones* (23 Barb., 9); *Hooker* v. *Vandewater* (4 Den., 349); *Tyler* v. *Yates* (3 Barb., 222).

LEONARD, C.  It is conceded by both parties, that the covenant contained in the bill of sale, and the proviso attached to the obligation for $2,000 are illegal and void. There is no doubt that the concession is correct.  Agreements restraining the use of any occupation or trade beyond a locality of very moderate extent, are illegal and void on grounds of public policy.  It is insisted by the plaintiffs, that the vendors have delivered to the defendants a large amount of valuable property, for which the defendants are liable as purchasers, and that the consideration for the promise to pay being ample, and the value of the property sold being stated by the schedules attached to the bill of sale, the promise to pay must be separated from the illegal covenant and proviso, and a recovery be had for the amount of the obligation and interest.

The rule, adopted by courts of justice in many reported cases, of separating the good from the bad, enforcing the good and meritorious, and discarding the illegal and void portions of a contract or transaction is invoked by the plaintiffs.

It is claimed that the proviso and that portion of the contract restraining the vendors from carrying on their trade or manufacture only are void, while the sale of the property and the obligation of the vendees to pay for it are valid and obligatory; that it is the duty of the court to separate the good consideration from the void provisions of the transaction. The authority principally relied on to sustain the plaintiffs' claims are *Leavitt* v. *Palmer* (3 N. Y., 19); *Curtis* v. *Leavitt* (15 N. Y., 14); *Tracy* v. *Talmage* (14 N. Y., 188).  In the two cases first cited, it was held that a lender of money could recover on the original contract of loan, although certain obligations given by a bank for the payment of the loan, payable at a future day, contrary to the provisions of a statute commonly known as the restraining act, and also trust deeds pro-

viding for the security of such obligations, were illegal and void. In the case of *Tracy* v. *Talmage*, the State of Indiana was held entitled to recover the value of a large amount of the bonds of that State, as upon an original sale, disregarding or separating this right of action from void obligations (of the same character as those mentioned in the cases of *Leavitt* v. *Palmer* and *Curtis* v. *Leavitt*) delivered by a bank in payment for the purchase price of the bonds. In the cases cited, the lenders of the money and the vendor of the bonds were not guilty of any violation of the law. The obligations, payable at a future day, were illegal and void because prohibited by statute, and the banks issuing the obligations were the only violators of the law. If the banks could escape payment on the ground of the illegality of their own contracts, the law would overreach itself, and the guilty party would be benefited at the expense of the party against whom there was no prohibition as to the form of the contract.

In the cases referred to in the 3d and 15th N. Y. Reports, the right of action for the original loan devolved upon a receiver by operation of law, and in the case of *Tracy* v. *Talmage* the State of Indiana was the claimant to recover the value of its bonds. To the same effect is the case of *The Oneida Bank* v. *The Ontario Bank* (21 N. Y. R., 490). These cases proceed upon the right of the lender or vendor to disaffirm or rescind the illegal contract, and recover upon the implied promise of the borrower or vendee to pay for the money or property had. The case under consideration differs wholly from those relied on by the plaintiffs' counsel and cited above.

The parties here are in equal fault. The vendors violated the rule of public policy just as much as the vendees. It is probable that neither party knew that their contract was illegal. There is nothing immoral in it. It is simply a forbidden contract by the rules of the common law, as operating too great a restraint upon the right to exercise a trade or manufacture, and in that way working a general injury to the community, and hence void on grounds of public policy.

But this probable want of a guilty knowledge will not save the action.

It must also be observed that plaintiffs have not the power or capacity to rescind the whole contract, by offering to return the notes delivered for the money paid by the vendees on the original sale.

In the cases of *Leavitt* v. *Palmer* and *Curtis* v. *Leavitt,* the Court of Appeals refused to recognize as valid the trust deeds, which provided for the security or payment of the void obligations, and not for the original loans. The court could not separate the good from the illegal, because the deed provided for the payment or security of obligations forbidden by law, and was thereby tainted in every part. So in the present case, the contract and the obligation in suit are affected by the illegal element which has been incorporated therein.

There are other cases referred to by counsel, where recoveries have been sustained for the original consideration, although connected with illegal or forbidden transactions ; but they are cases wherein the plaintiff was not considered a wrong-doer, or was the victim of the defendant, so that a denial of relief would be an encouragement to the wrong-doer, and thus the law be made to work its own defeat. These cases are fully reviewed in the various opinions delivered by the learned judges in the three cases first above cited, and it is not necessary to repeat the review here. They can be illustrated by a short reference as to the character of the questions involved. A person paying for insurance on a lottery policy may recover the money paid. A vendor of goods, knowing that they were purchased with the intention of smuggling them, in violation of the revenue laws, may recover the price from the vendee. The offence is that of the vendee, and unless the vendor aids in violating the law, as by packing the goods so as to assist the criminal intent, he is not a participator, although cognizant of the intentions of the vendee in making the purchase.

The inflexible rule is, that no remedy can be had in a court of justice on an illegal contract or transaction, where both parties are in *pari delicto.*

The vendors, Platt & Holroyd, are clearly in as much fault as the defendants, in regard to the transaction now under consideration. They have enjoyed the performance by the defendants of all that portion of the contract which provided for the payment $9,100, unconditionally. This is by far the larger part of the consideration. The principle of law denying them, or their assignees, the plaintiffs, any remedy, on the ground that the vendors participated in the illegal contract, produces in this case a just and equitable result. If the contract were invalid, the plaintiffs would fail to recover; and being illegal, they are denied the interposition of the courts to obtain redress. The defendants would also fail in any action which they might bring for damages, or to restrain the vendors for a breach of the contract.

From these views it will be seen that the evidence offered as to the actual value of the property sold was, as the referee decided, wholly immaterial.

The judgment must be affirmed with costs.

All for affirmance, except HUNT, C., who did not vote.

Judgment affirmed with costs.