## ANDREW W. BILLINGS *v.* SMITH O'BRIEN.
### (*Decided in May*, 1873.).

Defendant, a public officer, verbally assigned a share of his pay to accrue for a certain month (more than fifty dollars) to plaintiff, but subsequently collected the whole, and only paid over to plaintiff a part of the share he had assigned.

In an action by plaintiff against defendant for the conversion of money received in a fiduciary capacity, *Held,*

1. That the sale was void under the statute of frauds.

2. That were it otherwise, as the assignment was only of a share, it would convey to plaintiff only a joint interest, which would give him a right to share *pro rata* in the moneys received by defendant, but would not entitle him to maintain an action for conversion.

The sale by a public officer of his salary, as such, before it is earned, is void as against public policy.

APPEAL by defendant from a judgment of the Third District Court.

*George F. and J. C. Julius Langbein*, for appellant.

*Samuel Jones and Howard Ellis*, for respondent.

Opinion of the court [*] by ROBINSON, J.

Judgment reversed.

Reported in full in 14 Abb. Pr. N. S. 238; s. c. 45 How. Pr. 392.

---

## RANDOLPH W. TOWNSEND *et al. v.* SIEGMUND M. PEYSER *et al.*
### (*Decided in June*, 1873.)

A referee cannot claim more than three dollars a day for his services, unless there is a different agreement in writing.

*It seems*, however, that if there is a parol agreement for a higher rate of compensation, and the referee makes a memorandum thereof on his minutes, this will be a sufficient agreement in writing. *Per Loew, J.*

APPEAL by plaintiffs from an order fixing the referee's fees.

*A. R. Dyett*, for appellants.

*Charles Price*, for respondents.

Opinion of the court [†] by LOEW, J.

Order reversed.

Reported in full in 14 Abb. Pr. 324; s. c. 45 How. Pr. 211.

---

[*] Present DALY, Ch. J., ROBINSON and LARREMORE, JJ.

[†] Present, DALY, Ch. J., LOEW and J. F. DALY, JJ.