James A. Beal, Respondent, *v.* William D. McVicker et al., Appellants.

### December 30, 1879.

The assignment by a public officer of a portion of his salary not yet due is void.

Appeal from the St. Louis Circuit Court.
*Reversed and remanded.*

Leverett Bell, for the appellants, cited: *Bliss* v. *Lawrence*, 58 N. Y. 442.

J. A. Beal, *pro se*, cited: *Malone* v. *Harris*, 6 Mo. 454.

Hayden, J., delivered the opinion of the court.

This is a proceeding in the nature of a bill in equity to subject money in the hands of the City of St. Louis, one of the defendants, as salary due from the city to the defendant McVicker, a clerk in the Police Court of that city, to the payment of a debt due from McVicker to the plaintiff. The case has been here before, and is abstracted in 3 Mo. App. 592. On the trial the plaintiff testified to the effect that McVicker owed him money, and gave him an order on he city, payable out of McVicker's salary, which order was

not accepted by the treasurer, but left with him by the plaintiff. Plaintiff was at liberty to fill the date in the order, and in March, 1875, did so, inserting April 1st. The order was left by the plaintiff with the treasurer before April 1st, the day on which McVicker's month's salary was due; but, upon the plaintiff's calling on the treasurer before that day, he found that McVicker had already drawn his month's salary. This salary was not due until the first day of the month, and the order was given in anticipation of the salary. It appeared that when the plaintiff commenced suit the city owed McVicker more than a month's wages. The court below refused to rule that the plaintiff could not recover, and rendered a decision in effect subjecting the salary of McVicker in the city's hands to the amount of the debt which the plaintiff proved in this case as due from McVicker to the plaintiff.

Assuming, under the decision previously made, that the plaintiff can in this proceeding obtain at once a judgment against the debtor and a decree against the city, — a conclusion in which I do not concur, but which I do not think it here necessary to comment upon, as the general question involved is discussed at length in *Kent* v. *Curtis*, 4 Mo. App. 121, — the essential inquiry is whether a public officer has the power to make an assignment of a portion of his salary that is not due at the time of the assignment. The objection is that if any part is assignable by way of anticipation, there can be no limit, and that assignments of salary to become due are detrimental to the public service and tend to impair its efficiency. The direct and regular receipt by public officers from the political body, without interference or molestation, of an undiminished compensation for their services, tends strongly to secure the faithful discharge of duty. If the services have been rendered and the wages become due, the public cease, so far, to have an interest, and there can be no objection to an assignment covering only pay for such services; but where the future has been

anticipated, one of the strongest stimulants to faithful and thorough performance is removed.

The English authorities upon this question are discussed in *Bliss* v. *Lawrence*, 58 N. Y. 442, and the conclusion arrived at in that case is that the English doctrine is applicable to this country. This conclusion seems sounder than that to the contrary, which is expressed in *State Bank* v. *Hastings*, 15 Wis. 78. Certainly the necessity for faithful service in public offices, and the importance that the courts should not lend their aid to contracts which tend to impair the efficiency of such service, are as great in this country as in England.

To the case of *Conway* v. *Cutting*, 51 N. H. 407, cited by the plaintiff, the same remark is applicable as is made by the court in *Bliss* v. *Lawrence* (*supra*) of the Massachusetts cases there cited — that the question of public policy was not considered. For the reasons given, we hold the assignment to be void. The judgment must be reversed. The case will be remanded, as the plaintiff may desire to take a personal judgment against McVicker. All the judges concur.