SAMUEL A. SCHWENK, appellant,

v.

EMILY F. WYCKOFF, respondent.

The unearned half pay of a retired officer of the army is not assignable.

On appeal from the decree in *Wyckoff* v. *Schwenk* advised by Vice-Chancellor Van Fleet, as follows:

This cause coming on to be heard before the court in the presence of Frank Bergen, solicitor for and of counsel with the complainant, and Frederick Frambach, esquire, solicitor for and of counsel with the defendant, and the pleadings having been read, and the proofs of the respective parties offered and counsel heard thereon, and the court having considered the same, and it appearing that the said defendant, being an officer of the United States army on the retired list and entitled to draw the sum of $175 a month as salary from any paymaster of the said army, made an agreement, in writing, whereby he assigned to one Jacob F. Wyckoff said claim for salary, to secure the payment of four certain drafts made by the said defendant on the said Jacob F. Wyckoff and accepted by him, viz., one dated June 21st, 1884, for the sum of $1,500; one for $2,000, of the same date; one for $1,600, dated June 25th, 1885, and another, dated November 5th, 1885, for the sum of $2,850, and also, to secure the payment of $2,500, being the amount of a certain bond and mortgage made by one Perry, dated November 30th, 1885, upon all of which there is due at this time, including interest, the sum of $10,053.88; and it further appearing, that in the month of April, 1887, the said Jacob F. Wyckoff assigned and transferred said claims against the said defendant to the complainant for a valuable consideration, and they are still held by her; and it further appearing, that the salary of the said defendant has not been paid by the government since the month of January, in the year 1888, except that the said defendant collected the sum of

$700 for the months of February, March, April and May, in the year last aforesaid, in violation of the injunction granted in this cause, and has failed to pay over or apply the same to the payment of the said claims against him.

It is thereupon, on this 27th day of June, 1889, by his Honor Alexander T. McGill, chancellor of the State of New Jersey, ordered, adjudged and decreed, and the said chancellor, by virtue of the power and authority of this court, doth hereby order, adjudge and decree, that the said defendant do pay to the said complainant, or to her solicitor, the said sum of $700, drawn or collected by him as aforesaid since the commencement of this suit; and it is further ordered, adjudged and decreed, that the said defendant do forthwith make and deliver to the complainant an order or orders, in writing, in the customary form, authorizing and requesting any paymaster of the army of the United States to pay to the said complainant the sum of $2,100, being the amount now due from the government for such salary for the months of June, July, August, September, October, November and December, in the year 1888, and for the months of January, February, March, April and May, of the present year; and that the said sum of money when received by the said complainant be applied by her to the payment of her said claims, and the interest due thereon, and the cost of this suit.

And it is further ordered and adjudged and decreed, that the said defendant do give to the said complainant, each month as his salary becomes due and payable, an order, in writing, in the customary form, authorizing and requesting any paymaster of the army of the United States to pay to her the amount of such salary, until the said sum of $10,053.88, with interest thereon, together with the cost of this suit, be paid and satisfied in full; and that a writ of injunction do issue out of and under the seal of this court, directed to the said defendant, restraining him from collecting or receiving the salary from the government of the United States assigned by him to secure the payment of the said claims of the said defendant until the same shall have been paid in full.

36

And it is further ordered, adjudged and decreed, that a certified copy of this decree to be forthwith served upon the said defendant, and that either party to this suit have leave to apply to this court for such further orders and directions as they may be advised are necessary and proper.

*Mr. Gilbert Collins* and *Mr. F. Frambach,* for the appellant.

*Mr. Frank Bergen,* for the respondent.

The opinion of the court was delivered by

REED, J.

The right of the respondent, who was the complainant below, to the relief for which she prays, rests upon an assignment made to her husband by the defendant. The subject-matter which the assignment was supposed to operate upon, was the unearned pay of the defendant, to become due to him as a retired officer of the United States army.

In the consideration of the cause, we meet at the outset a difficulty which lies at the root of the complainant's case. It exists in the shape of an objection interposed by the defendant, that this assignment purports to transfer a *chose in action* belonging to a class which are not assignable, or what in effect produces the same result, the assignment of which the courts will not enforce or recognize.

The rule is established in the English courts, that the unearned salary or emolument of an officer, which may become payable during his life, is incapable of assignment.

This restriction upon the general power to dispose of rights having a potential existence, is put upon ground that the recognition of such assignments would operate prejudicially upon the public service. The considerations which led to this judicial result were in substance the following: It was apparent that the salary or remuneration incident to a public office, as a rule, were essential to a decent and comfortable support of the incumbent. If the officer should be deprived of this support, there would

arise a hazard of his being driven to an inappropriate meanness of living, of his being harassed by the worry of straightened circumstances and tempted to engage in unofficial labor, and of the likelihood of his falling off in that official interest and vigilance which the expectation of pay keeps alive. It was because of these probable consequences, that the courts refused to countenance any act or proceeding which might result in stripping the officer of his anticipated reward.

The cases in which this question has been mooted and the foregoing rule established in the English courts, are the following : *Flarty* v. *Odlum, 3 T. R. 681; Barwick* v. *Reed, 1 H. Bl. 627; Arbuckle* v. *Cowtan, 3 Bos. & P. 328; Davis* v. *Marlborough, 1 Swanst. 79; Lidderdale* v. *Montrose, 4 T. R. 248; Stone* v. *Lidderdale, 2 Anstr. 533; Wells* v. *Foster, 8 Mees. & W. 149; Palmer* v. *Bate,* 2 *Bro. & B. 673.*

In the case of *Flarty* v. *Odlum, 3 T. R. 681,* it was held by the court of king's bench, that this rule was applicable to the assignment of half pay by an officer of the British army. It was ruled that future accruing payments did not pass to an assignee, appointed under proceedings against an insolvent officer taken for the benefit of his creditors. Afterward, in the case of *Lidderdale* v. *Duke of Montrose, 4 T. R. 248,* the validity of a voluntary assignment of the half pay of an officer came before the same court, and it was held that there was no distinction to be made between a voluntary assignment and an assignment, as in the last-mentioned case, under the Insolvent Debtors act, and so the voluntary assignment was also held to be void. The same dispute, under the name of *Stone* v. *Lidderdale,* was shifted into the court of exchequer, and by that court it was remarked, that half pay was granted for the purpose of keeping experienced officers in such a situation as not to be compelled to turn themselves to other pursuits, or to be by other circumstances reduced to extreme poverty. The assignment was, therefore, held to be void. *2 Anstr. 533.* Since the decision of these causes, the nullity of an assignment of unearned half pay by an officer has been repeatedly recognized. The remarks of Lord Alvanley, in *Arbuckle* v. *Cowtan, 3 Bos. & P. 328,* and of Baron Park, in *Wells* v. *Foster,*

*8 Mees. & W. 149,* display an understanding in the English courts, that by the case of *Flarty* v. *Odlum* this question had been definitely set at rest.

In this country there are two cases in which the assignment of a portion of a salary to become due has been held valid. One case is *Brackett* v. *Blake, 7 Metc. 335,* in which case it was held that the unearned salary of a city marshal was capable of assignment. It is quite remarkable, that the only question discussed in the opinion of Chief-Justice Shaw in that case, was whether the anticipated salary was such a possibility coupled with an interest as to be capable of assignment. Upon the court's concluding that it was such an interest, the assignment was sustained, without a word in respect to the point raised in the brief of counsel, that the assignment was opposed to public policy. This question seems to have been entirely overlooked in the decision of that case. There are two subsequent cases in Massachusetts sometimes cited as sustaining the same doctrine. But both these cases, namely, *Mulhall* v. *Quin, 1 Gray 105,* and *Macomber* v. *Doane, 2 Allen 541,* as decided, involve only the question of the assignability of wages to become due upon contracts for services rendered. The second, and only other case in which the assignment of the prospective pay of a public officer has been the subject of judicial approval, is that of *State Bank* v. *Hastings, 15 Wis. 78.* This case involved the assignment of the future salary of a judge. In delivering the opinion, the judge remarked, that it had not been contended that the doctrine of the English cases, holding that assignments of the pay of officers in the public service, judges' salaries, pensions &c., were void, was applicable to the condition of society or to the principles of law or public policy of this country. The soundness of the rule laid down by the English cases, however, was not impugned. Nor was it explained in what way the propriety of supporting this rule of public policy ceased under our political or judicial system. Nor does the possibility of any rational explanation seem clear. The object of the rule, in both countries, is to secure the most efficient service to the public by those who are appointed or elected to perform public duties. So long as there are public officers who,

are remunerated for their services, the same conditions exist in both countries which render the stripping of such officer of his expectation of pay impolitic. In respect to this general rule of policy, therefore, no solid discrimination can be made between the political situation of this country and that in which the rule was first adopted. This was the view taken by the court of appeals of the State of New York in the case of *Bliss* v. *Lawrence, 58 N. Y. 442,* after a thorough review of the English and American cases by Judge Johnson. This has become a leading case in this country, and the doctrine announced by it, namely, that the assignment by a public officer of the future salary of his office, is contrary to public policy and void, has been followed in this country in the cases of *Bangs* v. *Dunn, 66 Cal. 72; Schloss* v. *Hewlett, 81 Ala. 266; Beal* v. *McVicker, 8 Mo. App. 202.*

Involving the same principle is the case of *Field* v. *Chipley, 79 Ky. 260.*

The foregoing doctrine in respect to the non-assignability of unearned official pay, may be regarded as settled in this country as it is in England, by the great weight of reason and authority. Nor is there any difference between the position of a retired army officer in this country and those officers in respect to whose pay the English court were ruling. The officer here, as well as there, although retired from actual campaigning, is still subject to military orders. By the federal statute he is liable to be assigned to officer soldiers' homes and to instruct in military institutes. *Rev. Stat.* §§ *1256, 1259, 4816.*

He stands, therefore, upon the footing of an officer owing service to the public when called upon for its rendition, and the rule announced protects his pay from himself and his creditors until he earns it.

The decree below must be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, DEPUE, GARRISON, MAGIE, REED, VAN SYCKEL, BROWN, CLEMENT, COLE, SMITH, WHITAKER—11.