The Bowery National Bank of New York, Respondent, *v.* John M. Wilson et al., Appellants.

An assignment by a sheriff of such fees as he may become entitled to receive from the state or county for official services thereafter rendered is contrary to public policy, and void.

*It seems* the same rule applies to all other public officers.

*People ex rel.* v. *Dayton* (50 How. Pr. 143), so far as it holds that the unearned fees of a public officer may be assigned, overruled.

(Argued October 20, 1890; decided December 2, 1890.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made May 17, 1888, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

In 1885 Alexander V. Davidson was the sheriff of the city and county of New York, his term expiring December thirty-first of that year. September 10, 1885, the plaintiff discounted for Davidson his promissory note for $4,500, which was indorsed by three accommodation indorsers. To secure the payment of this loan Davidson executed and delivered to the plaintiff a written assignment of a portion of such sums of money as might be due him for services to be rendered as sheriff during the month of December of that year, which assignment was filed September twelfth with the comptroller of the city. In December, Davidson, as sheriff, rendered services for which, in January, 1886, he was audited and allowed the sum of $4,485.75. Prior to the commencement of this action John Tully was appointed receiver of Davidson in proceedings supplementary to execution upon several judgments, and entered on the discharge of his duties as such. The plaintiff and the receiver claiming the money, the comptroller refused to pay it to either, and March 30, 1886, this action was begun against the mayor, aldermen and commonalty of the city to recover the amount audited. In December of that year the city was permitted, by an order, to pay the amount of the claim into

court, and thereupon Tully and two other persons (the nature of whose claims does not appear) were brought in as defendants. The Special Term directed a judgment in favor of the plaintiff, and, among other things upon which its decision was based, it found that January 22, 1886, Davidson orally assigned his said claim to the plaintiff for the payment of the money secured by the note.

*Henry D. Hotchkiss.* for appellant. The defendants did not need to show their title. (*Shannon* v. *Bruner,* 36 Fed. Rep. 147.) The written assignment by Davidson, in September, of his fees to be earned in the following December, was against public policy, and void. (*Bliss* v. *Lawrence,* 58 N. Y. 442; 8 Mo. App. 204; '*Billings* v. *O'Brien,* 14 Abb. Pr. [N. S.] 238; *Township of Wayne* v. *Cahill,* 5 Cent. Rep. 335; *Thurston* v. *Fairman,* 9 Hun, 584; Greenhood on Pub. Pol. 351; *Connor* v. *Mayor, etc.,* 5 N. Y. 285; *Devlin* v. *Mayor, etc.,* 63 id. 8.) The September assignment cannot be enforced in equity. (*Williams* v. *Ingersoll,* 89 N. Y. 519; *Bank* v. *Peters,* 2 Pet. 539; *Russell* v. *Degrand,* 15 Mass. 39.) There was in fact no verbal assignment of the fees. (*Coe* v. *Tough,* 116 N. Y. 273; Laws of 1882, chap. 410, § 123; *Township of Wayne* v. *Cahill,* 5 Cent. Rep. 335.) The void paper assignment, filed with the comptroller in September, cannot be used in aid of the alleged parol assignment. (*Gray* v. *Hook,* 4 N. Y. 459, 460; *Woodworth* v. *Bennett,* 43 id. 277, 279.) The pretended parol assignment was void under the Statute of Frauds. (*Bank* v. *Franklin,* 55 N. Y. 235; *Cary* v. *White,* 52 id. 138; *Truax* v. *Slater,* 86 id. 631, 632; *Hooker* v. *E. Bank,* 30 id. 83; *Archer* v. *Zeb,* 5 Hill, 200; *Hunter* v. *Wetsell,* 57 N. Y. 375; *O'Neil* v. *N. Y. C. R. R. Co.,* 60 id. 138; *Hoyt* v. *Hoyt,* 8 Bosw, 522; *Dung* v. *Parker,* 52 N. Y. 494; *Marie* v. *Garrison,* 13 Abb. [N. C.] 261; *Allis* v. *Read,* 45 N. Y. 147; *Brabin* v. *Hyde,* 32 id. 522; *Johnson* v. *Mulry,* 4 Robt. 401; *Cook* v. *Millard,* 65 N. Y. 352–357; *Shindler* v. *Houston,* 1 id. 261; *Runyan* v. *Mesereau,* 11 Johns. 534; *Mack* v. *Mack,* 3 Hun, 323; *Heath*

v. *Hall*, 4 Taunt. 327 ; Reed on Stat. of Frauds, § 267 ; *Risley* v. *P. Bank*, 83 N. Y. 318 ; *Armstrong* v. *Custney*, 43 Barb. 340 ; *Rupp* v. *Blanchard*, 34 id. 627 ; *Dunn* v. *Snell*, 15 Mass. 481 ; *Tibbetts* v. *George*, 5 Ad. & El. 107 ; *Crocker* v. *Whitney*, 10 Mass. 316 ; *Lowry* v. *Tew*, 3 Johns. Ch. 407 ; Pom. Eq. Juris. § 1270.) The exclusion of testimony tending to show that the note had been paid was error. (*Thompson* v. *Van Vechten*, 27 N. Y. 568 : *West* v. *Cary*, 47 id. 423.)

*James S. Marvin* for respondent. The assignment is not void because of the non-existence of the demand at the time the written assignment was made. (*Field* v. *Mayor, etc.*, 6 N. Y. 179 ; *Johnson* v. *Williams*, 63 How. 233 ; *Stover* v. *Eyclesheimer*, 3 Keyes, 620 ; *Sears* v. *Conover*, 4 Abb. Ct. App. Dec. 179 ; *Williams* v. *Ingersoll*, 80 N. Y. 518, 519.) A sheriff is not a salaried officer. The compensation which the law gives a sheriff is in no sense a salary. (3 R. S. [6th ed.] 639, 640, 716, 717, 1035, §§ 19, 20 ; Code Civ. Pro. §§ 31, 242 ; 56 N. Y. 279 ; *People* v. *Dayton*, 50 How. Pr. 149 ; *Thurston* v. *Fairman*, 9 Hun, 584.) Under the written assignment to the bank the bills of the sheriff were assigned, and the proceeds were to be applied to the payment of the note at its maturity. This was an equitable assignment, enforceable only when the services had been fully performed, and after the note had matured. (*Field* v. *Mayor, etc.*, 6 N. Y. 179 ; *Williams* v. *Ingersoll*, 89 id. 518, 519.) In case the written assignment in question for any reason should be held ineffectual, the claim of the respondent to the money in question does not fail. (*O. Bank* v. *O. Bank*, 21 N. Y. 490 ; *Arnot* v. *P. C. Co.*, 2 Hun, 591 ; *Jarvis* v. *Peck*, 10 Paige, 119 ; *Merritt* v. *Milliard*, 4 Keyes, 208 ; *Curtis* v. *Leavitt*, 15 N. Y. 96, 97.) The conversations between Hamilton and Davidson constitute a parol assignment after the money was earned and after the note became due, while Hamilton was pressing Davidson for payment of the note. (*Coates* v. *F. N. Bank*, 91 N. Y. 26 ; 30 id. 83 ; 83 id. 318 ; 89 id. 508.) The parol assignment was an executed contract. The title to the money in the hands of

the comptroller immediately passed to the bank. No consideration for this assignment is necessary. (*Bunn* v. *Winthrop*, 1 Johns. Ch. 329 ; *Clark* v. *Downing*, 1 E. D. Smith, 406.)  The money due from Davidson to the bank was a sufficient consideration for the parol assignment.  (51 N. Y. 602 ; 14 Johns. 378 ; 1 Caines, 584 ; 10 Johns. 243 ; 7 id. 87 ; 44 Barb. 603 ; 7 Cow. 368 ; 6 Wend. 647 ; 8 Johns. 29 ; 13 Barb. 365 ; *G. Bank* v. *Penfield*, 69 N. Y. 502 ; 48 Barb. 104 ; 45 id. 476 ; 5 Sandf. 7 ; 69 N. Y. 502 ; 2 Keyes, 35 ; Pars. on Bills, 226 ; 6 Wend. 66 ; 2 Paige, 509 ; 1 Hill, 513 ; 1 Bosw. 335 ; *Linderman* v. *Farquarson*, 101 N. Y. 438.)  The postponement of payment was a sufficient consideration for the parol assignment, and the assignment was a sufficient consideration for the agreement of the bank to give time. ( *Valentine* v. *Heydecker*, 12 Hun, 676 ; *Tammien* v. *Clause*, 67 Barb. 430 ; *M. L. Ins. Co.* v. *Smith*, 23 Hun, 535 ; 1 Pars. on Cont. [4th ed.] 366 ; 97 N. Y. 52 ; 38 id. 96.)

Follett, Ch. J.  The finding that an oral assignment of the claim was made by Davidson to the bank on the 22d of January, 1886, is challenged by the appellants on the ground that there is no evidence tending to sustain it.  The defendants requested the court to find the converse of this proposition, excepted to the finding made, and present a case which contains all of the evidence and so are in a situation to require a review of the finding.  After an examination of all of the evidence, we are convinced that no assignment, except the written one, was ever made of this claim, and that the most that occurred in January was the recognition of the existence of the previous assignment.  No words are found in the evidence which indicate an intent on the part of Davidson to make a present assignment of his claim to the plaintiff, and had there not been a previous written one, we think no one would assert that any words used in January amounted to a transfer of the claim.  This brings us to the consideration of the question whether an assignment by a sheriff of such fees as he may become entitled to receive

from the state or county for public services thereafter to be rendered is valid. It is settled in this state that an assignment by a public officer of his unearned salary is contrary to public policy and void. (*Bliss* v. *Lawrence,* 58 N. Y. 442; *Billings* v. *O'Brien,* 4 Daly, 556; 45 How. Pr. 392; 14 Abb. [N. S.] 238.) The same rule is established in England and in some of the United States. (*Hill* v. *Paul,* 8 Cl. & Fin. 295; *Cooper* v. *Reilly,* 2 Sim. 560; *Wells* v. *Foster,* 8 M. & W. 149; *Beal* v. *McVicker,* 8 Mo. App. 202; *Bangs* v. *Dunn,* 66 Cal. 72; Pom. Eq. Juris. § 1276; Story's Eq. Juris. [13th ed.] § 1040 d; Greenhood Pub. Pol. rule 297.)

In *Bliss* v. *Lawrence* (*supra*), it was said: " Salaries are, by law, payable after work is performed and not before, and while this remains the law, it must be presumed to be a wise regulation, and necessary, in the view of the lawmakers, to the efficiency of the public service. The contrary rule would permit the public service to be undermined by the assignment to strangers of all the funds appropriated to salaries. * * * If such assignments are allowed, then the assignees, by notice to the government, would, on ordinary principles, be entitled to receive pay directly and to take the place of their assignors in respect to the emoluments, leaving the duties as a barren charge to be borne by the assignors. It does not need much reflection or observation to understand that such a condition of things could not fail to produce results disastrous to the efficiency of the public service." The reasons here given for holding the unearned salaries of public officers to be unassignable apply with greater force to fees payable upon the due performance of public duties which cannot be discharged by any other officer. If a sheriff can legally assign the fees which may become due him for services to be performed for the public in any given month, he may make a valid assignment of all of the fees that shall become due him for services during the whole of his term. If he could assign to one, he could to many, and every purchaser would be entitled to the rights of assignees of claims against individuals, and in the case of conflicting interests or of disputes between the

officer and his alleged transferee the government would have to decide at its peril between them or be subjected as in the case at bar to a litigation. By a division of the unaudited claims of a public officer among many persons, a powerful influence in their support may be brought to bear upon the auditing officers, which would not exist if the demands were held by the officer who rendered the service. The statutes provide for the payment of public servants after the rendition of their services and make no distinction in this respect between officers compensated by a salary or by fees. An officer having assigned his interest in a compensation to become due him for future public services would have less interest in the punctual and efficient performance of his duties and in the case of improvident assignments, might be without the ability to discharge them. So great were the evils arising from assignments of claims against the United States that a statute was passed in 1853 and re-enacted in section 3477 of the Revised Statutes of the United States, prohibiting the assignment of any claim or any interest in any claim against the government until after it had been allowed and a warrant for its payment issued. In this state, the right of a public officer to assign unearned fees does not seem to have been considered in any reported case except in *People* v. *Dayton* (50 How. Pr. 143), in which it was held at Special Term that the earned and unearned fees of a justice of the peace might be assigned, but we think this judgment is not supported by the principle declared in the authorities cited. In England and in some of the states, the assignability of unearned fees has been considered, and so far as our attention has been called to the adjudications, no distinction has been made between unearned fees and unearned salaries.

In *Palmer* v. *Bate* (2 Brod. & Bing. 673), a clerk of the peace attempted to assign his unearned fees, but the transaction was held contrary to public policy and void.

In *Hill* v. *Paul* (8 Cl. & Fin. 295), the question arose whether an assignment by a keeper of the Register of Sasines — instruments proving the transfer of feudal property

in Scotland — was broad enough to cover future fees and if it was, were they assignable? The case was finally decided on the first ground, but the assignability of unearned fees was considered and said to be contrary to the public policy of England and Scotland.

In *Field* v. *Chipley* (79 Ky. 260), it was held that an assignment by the clerk of the Court of Chancery of the future fees of his office was void as against public policy. Upon principle and authority, we think that an assignment by a sheriff of fees for services to be rendered to the public is contrary to public policy and is void.

The judgment should be reversed and a new trial granted, with costs to abide the event.

All concur, BRADLEY, J., in result.

Judgment reversed.