THE BOWERY BANK of New York, Respondent, *v.* MARY E. GERETY, as Administratrix, etc., with the Will Annexed, of JOSEPH L. GERETY, Deceased, Appellant.

*Bills and notes — a note indorsed and also secured by an assignment of a claim for official services, to be thereafter rendered — a recovery may be had against the indorser although the assignment is illegal.*

Where a borrower gives to the lender two securities for the same debt, of which one is valid and the other invalid, and the securities are in no manner connected with or dependent upon each other, the lender may enforce the valid security and reject the one which is invalid.

In an action brought against the indorser of a promissory note to recover the amount due thereon, it appeared that Alexander V. Davidson, at the time sheriff of the city and county of New York, desired to obtain a loan from the plaintiff, and to that end gave to it a promissory note with several indorsers, including the defendant, and at the same time and as a further security assigned to the plaintiff his claim for services, to be rendered in the future, as sheriff of the city and county of New York. This assignment of his claim for future services to be rendered by him as an official, was held by the Court of Appeals to be void as against public policy.

*Held,* that the plaintiff could recover upon the note against the indorser;

That the indorser stood in no different position from the maker, except in regard to the order of liability, and was bound to pay in accordance with his contract of indorsement.

APPEAL by the defendant, Mary E. Gerety, as administratrix, etc., with the will annexed, of Joseph L. Gerety, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 15th day of April, 1895, upon the verdict of a jury rendered by direction of the court after a trial at the New York Circuit.

*Charles A. Deshon,* for the appellant.

*James R. Marvin,* for the respondent.

PARKER, J. :

Alexander V. Davidson, while sheriff of the city and county of New York, and about September 10, 1885, applied to the plaintiff for a loan of $4,500, and as security for its repayment he proposed to give to the plaintiff his note for such amount, indorsed by Moses Mehrbach, Joseph L. Gerety and Aaron Aarons, and also to assign to the bank his bills against the county as sheriff for the following

month of December. His proposition being acceded to, Davidson, accompanied by his proposed indorsers, went to the banking house of the plaintiff, where the note was signed by Davidson and indorsed by Mehrbach, Gerety and Aarons, and, at the same time, Davidson, in conformity with his arrangement with the indorsers, as well as with plaintiff, assigned to the plaintiff his bill for services to be rendered by him as sheriff to the city and county of New York, for the following month of December. The assignment to the bank of Davidson's bill for services not then performed, but to be rendered in the future, was void as against public policy. (*Bowery Bank of New York* v. *Wilson*, 122 N. Y. 478.) In this action, which is brought upon the note and against the administratrix of one of the indorsers, it is urged that, inasmuch as the assignment of the December bill was unenforcible by the bank because illegal, the note is also unenforcible.

In other words, it is asserted by the defendant to be a sound legal proposition, that if a party borrowing money attempts to assure its repayment by giving two different kinds of security, the one valid and the other invalid, the lender's right to enforce the valid security is lost by his acceptance of the invalid security, notwithstanding the fact that the acceptance of the invalid security was not, as to the lender, *malum per se*, and that such acceptance was with the knowledge and consent of the obligors on the valid security to whom no injury was thereby occasioned.

In *Oneida Bank* v. *Ontario Bank* (21 N. Y. 490, 496) a post-dated draft issued by a banking association to one who took it upon a loan of money to the bank was held to be void, but it was also held that the lender was entitled to the money advanced by him upon the basis of a contract of loan, treating that as valid and rejecting the illegal security. In the course of the opinion the court said: "I proceed, therefore, next to observe that a party dealing with one of these banks, and taking from it a security which the statute prohibits, can reject the security if it be regarded as void, and recover the money or value which he advanced on receiving it. * * * The loans, themselves, were lawful contracts, and I see no reason why they cannot stand according to their terms and intention, rejecting only the assurances given for the repayment as simply worthless."

So, if Davidson had given his individual note without indorsement, and as further security had made assignment of his Decem-

ber bills, the fact that the security was worthless and void would not have affected the contract of loan. The bank could have rejected the security and have proceeded against Davidson upon his note.

But Davidson, instead of giving his individual note for the loan, gave an indorsed note, and the indorsers thereon are in no different position than Davidson, except as regards the question of priority of liability. Davidson, by the note which he signed as maker, agreed to pay to the plaintiff the amount which it had loaned him.

The fact that, as a further assurance of payment, he gave to the plaintiff a worthless security because void, did not affect his obligation to pay his note. And the indorsers, by the contract of indorsement, undertook that the maker should pay the same at maturity when duly called upon and invited, and that they would pay the same if the maker should not.

Having thus briefly referred to the principles which we think support the decision of the learned judge at Circuit, we shall refer to a few of the authorities which the counsel for the appellant cites in support of his contention.

The first case is that of *Saratoga County Bank* v. *King* (44 N. Y. 87). In that case Platt & Holroyd assigned to J. M. King & Co. the tools, machinery, goods in stock and business carried on by them together with the good will of such business and covenanted not to become interested directly or indirectly in the same business for a term of thirty years. The consideration was $11,000, to be paid in nine several installments, for the last of which a promissory note was given which recited the covenant not to engage in the business again. It was held that the covenant was illegal, because in unlawful restraint of trade, and that, as there could be no separation of the good consideration from the illegal, there could be no recovery on the note. But that case is not at all in point, for in this case the contract of loan was in all respects legal and valid, and Davidson's promise to pay was given upon full consideration, the assignment which was intended as further security for the repayment of the loan being alone invalid.

The case of *Arnot* v. *Pittston & Elmira Coal Company* (68 N. Y. 558) is, in principle, analogous to the case of the *Saratoga County Bank* v. *King* (*supra*). In that case (*Arnot* v. *Pitts. &*

*El. Coal Co.*) plaintiff's assignor and the defendant entered into an agreement for the sale of coal to the defendant.

The agreement provided, among other things, that the plaintiff's assignor should not sell coal to any other party "north of the State line," during the existence of the contract. It was held that this covenant was illegal, and as it constituted a part of the consideration, the agreement was void; the plaintiff was denied recovery for a partial performance. In all of the cases cited by the appellant, the consideration consisted of both legal and illegal stipulations which were dependent and inseparable, and in such cases it is held that the unlawful consideration vitiates the promise. But if we are right as to the nature of the contract between the bank and Davidson, these cases are not applicable to this one.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment affirmed, with costs.