Fox *v.* MILLER *et al.*

(*Knoxville,* September Term, 1938.)

Opinion filed November 25, 1938.

454

H. F. SWANN, of Dandridge, for plaintiff in error.

PAUL D. GODDARD, of Dandridge, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

Fox was regularly elected Tax Assessor for Jefferson County, in August, 1936. December 30, 1937, he executed an assignment of $85 of his monthly salary of $125 ($40 being exempt) for the remainder of his four year term of office to Harry Vance and others, certain of his creditors. Miller held two judgments against Fox, one as administrator and one in his own right. Executions were issued and garnishments served, in the last days of Janu-

ary and February, respectively, on the Chairman of the County Court. $85 was impounded under each of these garnishments and is held pending the determination of this litigation.

The cases were consolidated and heard together by the Circuit Judge, without a jury, the facts being stipulated in writing. The trial judge held this assignment by a County official of his future salary void as against public policy; also, that it was void because a preferential assignment, leaving out Miller and perhaps other creditors, and he gave judgment in favor of Miller on his garnishments. Fox appeals and assigns errors.

Our cases holding that wages earned or unearned are assignable, priority thereunder being fixed by notice to the debtor, are relied on. *Spicer* v. *King Bros. & Co.*, 136 Tenn., 408, 189 S. W., 865; *Clodfelter* v. *Cox*, 33 Tenn. (1 Sneed), 330, 60 Am. Dec., 157; *Johnson* v. *Donohue*, 113 Tenn., 446, 83 S. W., 360; *Peters* v. *Goetz*, 136 Tenn., 257, 188 S. W., 1144. And, Code, Section 8562 reads as follows:

"No action shall be brought to charge any employer upon any assignment by any clerk, servant, or employee of such employer to any person of any wages or salaries unearned at the time of such assignment, unless such assignment at the time of the execution thereof shall have been assented to in writing by such employer."

This section requiring assent of the employer to the assignment in order to charge him, recognizes that ordinarily future salaries and wages of a "clerk, servant or employee" may be assigned, and in the present case it is shown that the assent of the Chairman of the County Court, and of the County Trustee, was obtained. But, it is insisted, on the other hand, that (1) Fox is

a County official, holding a public office, and is not within the class dealt with in this section; and that (2) the assent of the County Chairman and Trustee was not the assent of the "employer" of Fox. We are not of opinion that the Legislature intended to include public officials in the "employees" described in this Act, or had reference to a County or municipality. If so, more apt terms would have been employed. The Act purports to deal with an existent situation, with the right to assign unearned wages and salaries as recognized by our decisions. But none of these decisions and no statute authorized or recognized the validity of assignments by public officials of their future official salaries. The manifest purpose of the Act (Section 8562) was to protect the laborer and wage earner, as indicated in the opinion of Mr. Justice McKinney in *West* v. *Jefferson Woolen Mills,* 147 Tenn., 100, 245 S. W., 542, sustaining the constitutionality of this Act.

The determinative question presented by the record is whether or not assignment by a County Tax Assessor of his future salary for the remainder of his term of office is valid.

We have no reported decision in Tennessee of this precise question. The great weight of authority, text book and decision is against the validity of such a transaction on grounds of public policy, as tending to impair the efficiency of the public service.

The principle underlying these holdings was formerly applied in this State in our cases denying the right to subject salaries of public officers and employees to garnishment. *Bank* v. *Dibrell,* 35 Tenn. (3 Sneed), 379; *Memphis* v. *Laski,* 56 Tenn. (9 Heisk.), 511, 24 Am. Rep., 327; *Dickens* v. *Bransford Realty Co.,* 141 Tenn.,

387, 389, 210 S. W., 644. Now it is argued for plaintiff-in-error, Fox, that since the Legislature, by the Act of 1921 (Code, Section 7714), changed this rule and permitted public wages and salaries to be reached by garnishment, the Courts should extend the application of this change in public policy to assignments by public officials of their salaries or fees, the principle being identical. This is plausible, and if the argument is confined to the scope of the Act of 1921, it is convincing. However, it is apparent that the Legislature in departing from the old and established rule of exemption of public salaries and wages from garnishment carefully limited the right of garnishment to sums ''due'', thus by clear implication leaving in force the prohibition against subjecting future, unearned compensation to such process. Here the assignment is of compensation not ''due'', of future salary. Only compensation ''due'' may be reached under the terms of the Act of 1921, future compensation being left exempt as before. The argument, therefore, does not reach the situation now before us.

█ And, in this connection, it is significant that the rule denying the validity of assignments of official compensation is directed particularly to future or unearned compensation. 6 C. J., Secundum, under the general subject of ''Assignments'', section 21, subheaded, ''Salary or Fees of Public Officers,'' thus states the rule in its black type caption: ''A public officer, as a general rule, cannot assign unearned salary or fees of his office.'' The text proceeds: ''Although there are some decisions to the contrary [citing one, *Hooker* v. *McLennan*, 236 Mass., 117, 127 N. E., 626], it is a well settled general rule that an assignment by a public officer of the unearned salary,

wages, or fees of his office is void as against public policy'', citing Federal decisions and those of California, New Jersey, New York, Ohio, Oregon, and Utah.

■ There is both a distinction and a very great difference between making subject to garnishment or assignment compensation which is due, already earned, subject as it is to a reasonable exemption, and extending this right of subjection into the future without limit. This statement needs no supporting argument. However, it is significant, as appears from the opinion in *West* v. *Jefferson Woolen Mills,* above referred to, that this distinction is emphasized and that the statutes of other States authorizing assignments of salaries or wages on conditions named, expressly forbid the assignment of unearned compensation. As simply, but clearly expressed in 6 C. J. S., Assignments, p. 1069, section 21, ''The reason for the general rule is not a desire to protect the private interest of such officers, but is one of public policy, based on the necessity of securing the efficiency of the public service by insuring that the funds provided for its maintenance shall be received by those who are to perform the work at the periods appointed for their payments.''

We add from the brief of counsel for defendant-in-error Miller the following quotations and citations:

''It is generally held that the salary or fees of a public officer before they are earned, cannot be assigned, either directly or by indirect means such as the execution of a power of attorney to receive and collect them. . . . The protection thus extended by the general rule to those engaged in public duties is based not upon their private interest, but upon the necessity of securing an efficient public service by insuring that the funds provided for

its maintenance shall be received by those who are to perform the work, at the periods appointed for their payment. The assignment of such funds before they are due is forbidden under public policy as impairing the efficiency of the public service. This limitation upon the assignment of salaries and fees applies to all public officers." American Jurisprudence, Vol. 4, Page 264, Section 46, and cases there cited.

"The emoluments of a public office are not considered the proper subject of barter and sale and public policy in particular prohibits the assignment of unearned salaries and fees. . . . There is the added danger that any assignment of future emoluments of a public office tends to impair the efficiency of those holding the office, and in consequence the interests of the public may suffer. . . . The practical effect is that an officer may not assign all the future fees of his office even to pay a *bona fide* debt." 22 R. C. L., page 541, section 239, and cases cited.

A leading case in the United States on this question is *Bliss* v. *Lawrence,* 58 N. Y., 442, 17 Am. Rep., 273. The Court there said, at page 451:

"The substance of it all is, the necessity of maintaining the efficiency of the public service by seeing to it that public salaries really go to those who perform the public service. To this extent, we think, the public policy of every country must go to secure the end in view."

Another leading case on this subject is *Schloss* v. *Hewlett,* 81 Ala., 266, 1 So., 263, where Justice SOMERVILLE, at page 270, 1 So., at page 266, says:

"It is easy to see how great abuses would follow if such transfers were permitted. Not only would there exist a constant temptation to anticipate future earnings,

under the stress of present financial pressure, at usurious rates of discount; but, when completed, one of the strongest incentives to industrious exertion—the expectation of pecuniary reward in the near future—would be gone.''

Some other leading cases holding assignments by public officials as against public policy are: *Field* v. *Chipley*, 79 Ky., 260, 42 Am. Rep., 215, holding that a clerk could not assign his fees. *Bowery Nat. Bank* v. *Wilson*, 122 N. Y., 478, 25 N. E., 855, 9 L. R. A., 706, 19 Am. St. Rep., 507; *Schwenk* v. *Wyckoff*, 46 N. J. Eq., 560, 20 A., 259, 9 L. R. A., 221, 19 Am. St. Rep., 438.

In the Texas case of *National Bank of El Paso* v. *Fink*, 86 Tex., 303, 24 S. W., 256, 40 Am. St. Rep., 833, the Court held that a tax assessor of El Paso County could not assign his salary for it was against public policy and the attempted assignment was void.

A West Virginia case, *Stevenson* v. *Kyle*, 42 W. Va., 229, 24 S. E., 886, 57 Am. St. Rep., 854, also involved an assignment by a tax assessor of his unearned salary and the court there said [page 887]:

''If such an assignment is tolerated, we must tolerate it for fractions, and compel the county treasurer to pay part to one, parts to others. Of course, this would never do. Public policy and the orderly dispatch of public business would forbid this. . . . As only past service is assignable, the plaintiff must show that the service had been performed at the date of the service.''

■ Holding, as we do, that an assignment by a public official of a county of his unearned compensation is void as against public policy, consideration of other questions presented becomes unnecessary and it results that the judgment of the trial Court is affirmed.